## STATE, EX REL. MAXEY ET AL. *v.* SWINDELL, MAYOR.

[No. 17,986.   Filed January 8, 1897.]

MUNICIPAL CORPORATION.— *Rules for Government of Common Council.— Ordinances.— Repeal.—* Rules for the government of a city council, presented in writing and adopted at a regular meeting of such council, are in effect an ordinance and cannot be repealed on a mere verbal and general motion to that effect.

From the Marshall Circuit Court. *Affirmed.*

State, *ex rel.* Maxey *et al. v.* Swindell, Mayor.

*J. D. McLaren, E. C. Martindale, C. P. Drummond* and *Samuel Parker,* for appellants.

*Charles Kellison,* for appellee.

McCABE, J.—Appellant's relators, Maxey and O'Keefe, applied to the circuit court for a writ of mandate against the appellee as mayor of the city of Plymouth, Indiana, to compel him to recognize each of them as members of the city council of said city, and to permit them to exercise the duties of such councilmen, they alleging that they had been legally appointed and qualified as members of said council from the alleged fourth ward of said city, which ward they allege had been duly and lawfully created by a certain alleged ordinance enacted by the common council of said city, August 27, 1894.

Appellee resisted the action, basing his defense upon two propositions, namely:

1.   That the common council was not authorized by law to adopt the ordinance by which said additional or fourth ward was created, of its own motion, as was done in this case, and without a previous petition being filed therefor by resident citizens of the ward or wards affected, and that the ordinance being invalid for this reason there was no fourth ward and no vacancies in the office of councilman to be filled when relators were appointed, and hence they were not members of the common council or entitled to be recognized as such.

2.   That if the council had authority of law to enact the ordinance creating the additional or fourth ward without petition and of its own motion, that the ordinance was invalid and of no force or effect for the reason that it was passed and adopted contrary to and in violation of the rules of procedure that had long been in force in said council.

State, *ex rel.* Maxey *et al. v.* Swindell, Mayor.

The issues formed were tried by a jury, the trial court directing the jury to find for the plaintiff, which they did, and a peremptory writ of mandate was awarded against the mayor. From that judgment he appealed to this court and the judgment was reversed. *Swindell, Mayor,* v. *State, ex rel.,* 143 Ind. 153.

This court, on that appeal, decided the first proposition above mentioned in favor of the action of the common council and against the then appellant, the present appellee. And the second proposition or contention was decided in favor of the then appellant, the present appellee. The cause was reversed both for the error of striking out the second paragraph of the answer or return, setting up the defense involved in said second proposition, and for the error of holding, as appeared from the evidence, that the rule had been repealed in violation of which the ordinance establishing the fourth ward had been passed. In the order of reversal leave was given to amend the second paragraph of answer or return. On the return of the cause to the lower court said answer was amended only in immaterial respects.

The substance of the second paragraph of answer as amended is, that on August 27, 1894, the time of the regular meeting of the common council of the city of Plymouth, when said pretended ordinance was passed creating the fourth ward, and for a long time prior thereto, said common council was and has been governed by certain rules enacted by said common council, regulating and governing the deliberations and proceedings of the common council of said city, which rules were, on August 27, 1894, in full force and effect; section 21 of which reads as follows:

"All ordinances shall be read three times before being passed, and no ordinance shall pass or be read

State, *ex rel.* Maxey *et al. v.* Swindell, Mayor.

the third time in the same meeting it was introduced; provided, that the council may suspend this rule by a two-thirds vote and put an ordinance upon its passage, by once reading and at the time it is read."

That said rule 21 was adopted by the common council of said city on May 26, 1873, and was a rule to which said council had yielded obedience from the time it was adopted, as aforesaid, until August 27, 1894, when said council attempted to repeal it, as hereinafter set forth; that on said date, at the regular meeting of said council referred to, the ordinance providing for the creation of the pretended additional or fourth ward was introduced and passed by said council, composed of only six members, without suspending said rules, or either of them, by a two-thirds vote before the enactment of said ordinance, the same having been read and put upon its passage at said regular meeting; that but three members of said council voted for said ordinance and three against it, and there being a tie, the mayor, Charles P. Drummond, cast the deciding vote in favor of said ordinance, and he then and there declared said ordinance duly enacted. And that was all the action ever taken by said council and said mayor in the enactment of said ordinance. And that the only appointment of relators to the offices of councilmen which they claim to hold, was made under the ordinance creating said fourth ward, so enacted in violation of said rule to fill the vacancies supposed to exist by the creation of such new ward.

These facts were held, on the former appeal, to constitute a good return to the writ of mandate and a complete defense to the proceeding. The facts are more fully set forth in that opinion, and the authorities bearing upon the question thus presented are exhaustively reviewed therein.

On the filing of the above amended second para-

graph, which is not materially different from the original, the relators sought to raise, as they claim, a new question by filing the reply, the sustaining a demurrer to which is assigned as the only error on this appeal.

The substance of the reply is, that the rules mentioned in defendant's answer were not in force or effect on the day of the passage of the said ordinance; that the common council never prescribed or adopted by ordinance any rules or regulations for the government of the official conduct of said common council, and that said section 21 of said rules was never adopted by the common council of said city by ordinance or resolution. That the rules, a copy of which are made a part of defendant's answer, were adopted by the common council of said city in the manner and at the time as follows, namely: At a special meeting of the common council, held May 19, 1873, on motion of Councilman Johnson, a committee of three was appointed by the mayor to report rules regulating the order of business to govern the council in the transaction of all business that may come before it, said committee consisting of Councilmen Johnson and Mayer, and by unanimous request of the council, the mayor consented to serve as the third member of the committee; that at a regular meeting of the common council of said city, held on May 26, 1873, the said committee so appointed the week before, reported to said council a list of rules regulating the order in which the council shall conduct their deliberations, which, after being read, were, on motion of Councilman Mayer, seconded by Brownlee, adopted by unanimous vote of the council. That said list of rules is the identical schedule or list of rules set up in the answer of the defendant, and that said rules were never adopted in any other or different manner. And as thus adopted they were recognized by the common

council as in full force and obligatory upon it until August 27, 1894, when they were repealed by a majority vote of the common council of said city when in regular session, on a motion duly made and seconded by members of said common council, which repeal was effected before the passage of the ordinance creating said additional or fourth ward, and at the time of the passage of said ordinance there were no rules whatever in force regulating and governing the council in the transaction of its business.

It is contended by the appellee that the facts set forth in this reply do not present a materially different question than that presented on the former appeal by the answer and the evidence, and we are inclined to think that is so. At least, the relators are very late in presenting the question, if the reply does present a different question than that presented and decided against them on the former appeal. They ought to have presented their whole case then, if they did not, and have it decided in the one appeal.

The contention is, that these rules do not rise to the dignity of ordinances, and hence, in order to effect their repeal it is only necessary to produce an act of the corporation of equal grade or dignity with them. Webster defines an ordinance to be a rule established by authority. Dillon says, "under the general term of 'ordinances' have sometimes been included all the regulations by which a corporation is itself governed. * * * * * Indeed, in general and professional use, the term 'ordinance' is almost, if not quite, equivalent in meaning to the term 'by-law.' " Dillon's Munic. Corp., Vol. 1, section 307. The reply concedes that these rules were duly enacted by the common council and had been in full force more than twenty years, and that they were in writing and had

been recognized by the council as binding on it for over twenty years.

And the reply further concedes that their repeal was attempted to be effected in order to obviate the necessity of a two-thirds vote to suspend rule 21, and that the attempted repeal was by a mere verbal motion.

The precise question arising upon these facts was decided against appellants on the former appeal in the following language:

"The verbal motion made by this councilman as recorded by the clerk by which it was sought to effectually repeal the rules ordained for the government of the council was, to say the least, somewhat indefinite. * * * If the procedure by which the power of repeal was attempted to be exercised upon the occasion in question, could be sustained, then all that would be necessary to accomplish the repeal of all existing ordinances of a city would be the adoption, at any regular meeting by the common council, of a mere verbal and general motion to that effect, without any reference whatever to the title, number or date of passage of the ordinance or ordinances intended to be repealed, In the case of *Bills* v. *City of Goshen,* 117 Ind. 221, 3 L. R. A. 261, it was held by this court that a defect in an ordinance could not be cured or amended by means of a motion subsequently made by a member of the council and put to a vote and carried."

It was adjudged that the attempted repeal of the rules was ineffectual, and that therefore the enactment of the ordinance creating the fourth ward to fill the supposed vacancy in which the relators were appointed was void because passed in violation of rule 21.

That decision is the law of the case, and it conse-

quently follows that the reply in question did not state facts sufficient to avoid the answer.

Therefore, the circuit court did not err in sustaining the demurrer to said reply.

Judgment affirmed.