# CHARLESTON.

## CITY OF FAIRMONT *v.* BISHOP.

Submitted September 1, 1909.    Decided December 6, 1910.

1. MUNICIPAL CORPORATIONS—*Paving Assessments—Levy.*

    A city can not, under section 34, chapter 47, Code 1906, levy a street paving tax upon the owners of lots, except upon the written petition of the owners of the greater amount of the frontage of lots abutting on such street, between two cross-streets, or between a cross-street and an alley, which lie next to each

other.   The city block is the unit of measurement in such case.

2.  SAME—*Paving Assessment—Bill to Enforce.*
   A bill by a city, brought under section 36, chapter 47, Code 1906, to enforce the lien of a special street paving tax, assessed under section 34 of said chapter, upon the lots abutting on the paved street, is demurrable if it does not allege, in effect, that the owners of the greater amount of the frontage of lots abutting on such street and lying between the same cross-streets, nearest together, or lying between a cross-street and alley, within the same city block, with the lots against which the lien is asserted, signed a written petition asking that the street be paved.

Appeal from Circuit Court, Marion County.

Bill by the City of Fairmont against Edward T. Bishop. Decree for defendant, and plaintiff appeals.

*Affirmed.*

*Harry Shaw* and *M. Earl Morgan,* for appellant.

*William S. Haymond* and *W. S. Meredith,* for appellee.

WILLIAMS, JUDGE:

Plaintiff's suit was brought in the circuit court of Marion county to enforce the alleged lien of a special street paving tax assessed by it upon certain lots owned by defendant, abutting upon the paved street. A demurrer was sustained to both its original and its amended bills. It then declined to further amend its pleadings, whereupon its suit was dismissed, and it has appealed to this Court.

Plaintiff, as its name imports, is a municipal corporation, empowered by law with the right, and charged with the duty, of keeping up its streets. The bill alleges that a petition in writing, signed by the owners of the greater amount of frontage of lots abutting on both sides of Columbia street and State street, between Guffy street and the corporate line, was presented to the city council, praying the city to pave said streets between said points; that Columbia street and State street are, in fact, one continuous street; that, pursuant to said petition, the city paved the street and assessed two-thirds of the cost thereof upon the owners of the lots abutting on said streets, in proportion to the frontage. It also appears from the bill, and

amended bill, that at the end of Columbia street and the beginning of State street, it is crossed by Drake alley, and that one hundred and thirty-four feet of defendant's lots abut on Columbia street in the block formed by Guffy street and Drake alley, and one hundred and forty-three feet abut on State street, between Drake alley and the corporate line of the city. Plaintiff does not allege, however, that the petition for the paving was signed by the owners of a majority of the frontage on both sides of either that part of the street called Columbia street, or that part called State street, which form distinct city blocks; and it is insisted that the failure to allege this constitutes a defect fatal to the bill. This depends upon a proper construction of section 34 of chapter 47, Code 1906, which reads, in part, as follows:

"Upon the petition, in writing, of the persons owning the greater amount of frontage of the lots abutting on both sides of any street or alley, between any two cross-streets, or between a cross-street and alley, the council of any such city, town or village, by a lawful majority thereof, may order such part of any street or alley to be paved between the sidewalks with cobble-stone, brick, Belgian blocks, asphaltum or other suitable material, from one of such cross-streets to the other, under such regulations as may be fixed by the ordinance duly passed by council; two-thirds of the cost of such paving shall be assessed to the owners of the lots or fractional parts of lots abutting on that part of the street or alley so paved, in proportion to the distance such lot or part of a lot abuts on such street or alley, and the remaining one-third of the cost of such paving shall be paid by the city, town or village. In making such assessments the basis shall be the cost of paving that part of the street or alley on which the property lies, included between the adjoining cross-streets or alleys; and the amounts assessed against the owners of each lot or fractional part of a lot, shall be in the proportion which the frontage of such lot or part of a lot bears to the whole cost of paving said street or alley between said cross-streets or alleys as aforesaid."

What is to be made the unit of measurement, in the matter of paving streets upon the petition of lot owners, as provided for by this section? Can any desired length of street between any two cross-streets, however far apart they may be, and

without regard to intervening cross-streets, be taken as the unit; or must the block of lots abutting on both sides of that portion only of the street which lies between two cross-streets next to each other, be taken as the unit? In other words, must not a city block be taken as the unit? We think clearly so. This, we think, is the interpretation which this Court gave to the statute in *Dancer* v. *Town of Mannington,* 50 W. Va. 322; and we think it is the proper one.

But, notwithstanding the city block is made the unit, the statute gives the right to the owners of a majority of the frontage on a part of a block, lying between a cross-street and an alley, to petition for the paving of such portion of the block. But the petition must be signed by the owners of a majority of the frontage abutting on the street to be paved within the city block, or part of the block, as the case may be, before the city is authorized, by the act in question, to assess a paving tax upon such abutting owners.

The construction of the statute contended for by appellant's counsel would operate to authorize a city, or town, to impose a special paving tax upon owners of lots abutting on a street within a particular block, although none of the owners of such lots may have signed a petition asking for the street to be paved. To illustrate, suppose a petition praying for the paving of a certain street, extending the distance of four or five blocks, should be signed by the owners of all the lots abutting on said street, except by those persons owning the lots abutting on it in one particular block, and that such owners refused to sign the petition because they did not wish the street paved in front of their lots. Yet in such case, if the construction of appellant's counsel is correct, they could be compelled by the petition of owners of lots in other blocks, fronting on the same street, to pay for an improvement which they did not want. Such we think was not the intention of the legislature. But the purpose was to give to a municipality the right to levy a special street improvement tax upon the lots of owners, within any particular block, or part of a block between a cross-street and alley, only upon petition of the owners of a majority of the frontage in that block, or part of the block as the case may be, and not otherwise. So far as we can ascertain the case pre-

sented by the plaintiff's bill and amended bill is not different from the case which we have supposed. .

The amended bill exhibits a plat of said Columbia street and State street, which, it alleges, "shows the number and size of the lots abutting thereon, together with the name of the owner, and also shows all the cross-streets and alleys and intersection streets and alleys on said street." The plat is thus made a part of the bill to be considered on demurrer. *Bias* v. *Vickers,* 27 W. Va. 456; *Lockhead* v. *Berkeley Spring &c. Co.,* 40 W. Va. 553. By reference to the plat, we see that Columbia street and State street join at right angles; that Columbia street extends beyond the point of juncture; that Drake alley leads off from Columbia street at this point in the opposite direction from State street; that Columbia street is crossed by two streets, to-wit, Market street and Newton street, between the point of its juncture with State street and the point where it is crossed by Guffey street; that defendant's lot lies in the angle formed by Columbia street and State street, fronting 134 feet on Columbia street and 143 feet on State street, and is bounded on the northeast by Newton street. But it is not alleged in the bill, neither does it appear by the plat, considered in connection with the bill, that the owners of a majority of the frontage on both sides of Columbia street, lying in the same block with defendant's lot, formed by Newton street on the northeast and State street and Drake alley on the southwest, signed the petition asking to have the street paved. The bill is therefore insufficient, under the statute, to charge defendant on account of the 134 feet of frontage of his lot on Columbia street. Moreover, as to State street, it appears that it is crossed between Columbia street and Barnes street or the corporate line, by a street called, on the northeast side of State street, Haymond street, and on the southwest side, Sterling street. It is not alleged, nor does it appear from the bill and plat considered together, that the owners of a majority of the frontage lying on both sides of State street between Columbia street and the next cross-street, to-wit, Haymond street and Sterling street, signed the petition for the paving. The bill is therefore lacking in the necessary averment to charge defendant on account of the 143 feet frontage of his lot on State street.

. A municipality has no inherent power to levy taxes; it can

do so only by virtue of authority delegated to it by the legislature. Its powers are limited, and the statute vesting it with power to tax must be strictly construed and strictly followed; in construing the statute all doubts should be resolved against the city and in favor of the tax payer; and it must show that all the conditions essential to a lawful exercise of the power delegated to it have been complied with. Dillon on Mun. Corp., section 653; *Dancer* v. *Town of Mannington, supra; Meriwether* v. *Garrett,* 102 U. S. 472; *St. Mary's Industrial School for Boys* v. *Brown,* 45 Md. 310; *Merritt* v. *Portchester,* 71 N. Y. 309; *Scammon* v. *Chicago,* 40 Ill. 146; *Kyle* v. *Malin,* 8 Ind. 34; *Richmond* v. *Daniel,* 14 Grat. 387; *Cain* v. *City of Elkins,* 57 W. Va. 9; 28 Cyc. 1122; *Collier's Est.* v. *Paving & Supply Co.,* 180 Mo. 362; *Shimmons* v. *City of Saginaw,* 104 Mich. 511; *O'Dea* v. *Mitchell,* 144 Cal. 374.

Because the bill does not allege, in effect, that the owners of a majority of the frontage of lots, lying in the same block with defendant's, had signed the petition, we are of the opinion that it lacks an essential averment to show plaintiff's authority to levy a paving tax on defendant's lots, and the demurrer to the bill and amended bill was properly sustained, and the decree of the lower court will be affirmed.

*Affirmed.*

---

# CHARLESTON.

Submitted September 1, 1909.    Decided December 6, 1910.