S. S. KRESGE COMPANY *et al. v.* CITY OF BLUEFIELD *et al.*

(No. 8364)

Submitted January 8, 1936. Decided January 28, 1936.

*Sidney J. Kwass* and *Richardson & Kemper*, for appellants.

*Sanders & Day*, for appellees.

LITZ, JUDGE:

This is a suit in equity by numerous retail merchants in the city of Bluefield against the municipality and its officials to enjoin the enforcement of a city ordinance, imposing a consumers sales tax (similar to the state consumers sales tax, Chapter 84, Article 2, Acts 1935) of one per cent on the sale of merchandise at retail and the dispensing of certain selected services.

Section 3 of the ordinance provides: "For the privilege of engaging in the business of selling tangible personal property at retail, and of dispensing certain selected

services defined in Section 6 of this ordinance, a retail dealer shall collect from a purchaser a tax of one per cent of the gross proceeds of each separate transaction, and shall pay the amount collected to the treasurer in accordance with the provisions of this ordinance." The circuit court granted a permanent injunction, and the defendants appeal.

It is conceded (according to universal conception) that a municipality may levy taxes only as authorized by the legislature. The issue, therefore, is whether the tax in question is permitted by the city charter or general statute. The validity of the ordinance depends upon sections 44 and 72 of the charter, and section 13, article 4, chapter 8, Code 1931. Section 44 of the charter reads: "The board of directors may, by ordinance, require city license for persons conducting and carrying on any business or vocation in the city for which ʃhe state may now or hereafter require license." Section 13, article 4, chapter 8 of the Code, which is of similar import, follows: "Whenever anything for which a state license is required is to be done within such town, the council may, unless prohibited by law, require a municipal license therefor, and may impose a tax thereon for the use of the town."

It is asserted that "license," as employed in the charter and the statute, comprehends all forms of tax other than direct property levies. In support of this contention, counsel for defendants cite, with especial emphasis, *Amos* v. *Gunn,* 84 Fla. 285, 94 So. 615, and *Heriot* v. *City of Pensacola,* 108 Fla. 480, 146 So. 654. The first case involved the constitutionality of a statute requiring gasoline dealers to pay a tax of one cent a gallon on sales of gasoline. The court held that section 5, article 9 of the Florida constitution providing that the "Legislature may provide for * * * a tax on license," is not a limitation upon the inherent power of the legislature to impose excise, occupational or other taxes that are in the nature of license or privilege taxes; and that the constitutional provision is an express declaration of power already existing in the legislature. In the opinion of the court,

it is said: "The objection that the tax of one per cent per gallon is an 'excise tax,' and therefore not within the two classifications (in the constitution) of *ad valorem* and license taxes, is not sound, because an 'excise tax' is one laid on licenses to pursue certain occupations, corporate privileges, or sales or consumption of commodies." Citing Cooley's Constitutional Limitations (7th Ed.) 680 and other authorities.

The Pensacola case involved a city ordinance imposing a consumers sales tax upon the purchase of gas, electricity, water and telephone service. The ordinance was enacted pursuant to provisions of the municipal charter, conferring upon the city the authority to levy, assess and collect taxes and to exercise all powers which under the constitution of Florida it would be competent for the charter specifically to enumerate. The authority to impose the tax in each case was, therefore, ample.

We cannot accept the view of defendants that the tax in question—an exaction from the consumer and not the dealer—is, in the true sense, a license or license charge in contemplation of the statute or charter provision. "One distinction between a tax upon a business or property and a license is said to be 'that the former is exacted by reason of the fact that the business is carried on or the property is within the jurisdiction of the taxing power, and the latter is required as a condition precedent to the right to carry on such business or have such property within the jurisdiction.' So it has been said that a charge cannot be deemed a license rather than a tax unless the payment thereof confers some right or privilege upon the person charged which otherwise would not exist. Notwithstanding the difference between taxes and an exercise of the police power, usually evidenced by a requirement of license fees, such fees are commonly called 'taxes,' although in reality they are not taxes nor regarded as such within statutory and constitutional provisions." Vol. 1, Cooley, The Law of Taxation, Section 26, (4th ed.). "In its specific sense, to license means to confer on a person the right to do something which otherwise he would not have the right to do." 17 R. C. L. 474, 475.

"The term license is not involved in uncertainty or doubt. In its general or popular sense, as used with reference to occupations and privileges, it means a right or permission granted by some competent authority to carry on a business or do an act which without such license would be illegal." 37 C. J. 166-167. The consumer who pays the tax under consideration will not thereby derive any privilege he does not already possess. He has the natural and inherent right to acquire and use the necessities of life. The validity of a general consumers sales tax rests upon the obligation of the citizen to support the government and not upon the theory that the right to obtain food, raiment and shelter, is a taxable privilege.

It is said that a license charge is a species of excise tax. This is very true, but it differs from the species of excises denominated consumers sales tax.

Reliance is placed upon that portion of section 72 of the charter authorizing the city, through its board of directors, "to impose a tax upon all other subjects of taxation as provided in this charter, or under the several laws of the state." It is urged that this provision should be construed as empowering the municipality to impose any form of tax which may be exacted by the state. The language used does not so state, and no implications will be indulged in favor of the tax. "Where municipal authority to tax is doubtful, the doubt is to be resolved against the tax. It is a reasonable presumption that the state, which is the depositary and source of all authority on the subject, has granted in unmistakable terms all it has intended to grant at all. Municipal authorities, therefore, when they assume to tax, must be able to show warrant therefor in the words of the grant, which alone can justify their action. * * * The mischief of a strict construction is easily obviated by the legislature; but the mischief of a liberal construction may be irremediable before it can be reached." Cooley, The Law of Taxation, Vol. 1, Section 125, (4th Ed.).

The ruling of the circuit court is, accordingly, affirmed.

*Affirmed.*