C. B. HUKLE, *et al.*

*v.*

CITY OF HUNTINGTON, *et al.*

(No. CC758)

Submitted January 17, 1950. Decided April 4, 1950.

250

*Marcum & Gibson,* for plaintiffs.

*H. L. Ducker,* for defendants.

LOVINS, PRESIDENT:

C. B. Hukle; Mrs. C. B. Hukle; J. F. Walter; Beverly Amusement Company, a corporation; Westmoreland Amusement Company, a corporation; Palace Amusement Company, a corporation; Third Avenue Theater Company, a corporation; The Greater Huntington Theater Corporation, a corporation; and A. & M. Corporation, plaintiffs, all of whom are owners and operators of moving picture theaters in the City of Huntington, filed their bill of complaint in the Circuit Court of Cabell County against the City of Huntington, a municipal corporation; W. W. Payne and Robert L. Smith, mayor and clerk, respectively, of said municipal corporation; and Jack N. Waldeck, Frank L. Perry, C. C. Jameson, J. E. Stark, Jack Gillespie, George Snider, Russell D. Pollard, Herman S. Rice, Daryl Steinbrecker, Ancil C. Smith, Dr. R. C. Curry, H. C. Hundley, and George Osgood, members of the council of said municipal corporation.

The purpose of this suit is to invalidate and enjoin the enforcement of an ordinance levying an "amusement tax" in the City of Huntington. Plaintiffs attack the ordinance on three grounds: (1) That the City of Huntington had no authority by general law of this State or under its charter, being Chapter 161, Acts of the Legislature, Second Extraordinary Session, 1933, to enact or enforce such ordinance; (2) that the ordinance levies and assesses a consumers' sales tax and not a privilege or license tax; and (3) that the action of the city council in adopting said amusement tax ordinance is in violation of Section 4, Chapter 2 of the municipal Code.

The material and pertinent parts of the ordinance are:

"Sec. 1:

"For the privilege of engaging in the business of furnishing public amusement or entertainment conducted for private profit or gain as hereinafter defined within the corporate limits of the city, the city hereby levies and authorizes the collection of an admission and amusement tax of two cents for each person attending any public amusement or entertainment conducted within the corporate limits of the city for private profit or gain.

"Sec. 2. * * *

" (3) 'Taxpayer' shall mean a person, firm or corporation engaged in the business of furnishing any public amusement or entertainment conducted within the corporate limits of the city for private profit or gain..

* * *

"Sec. 10.

"This article shall apply to persons who attend public amusements or entertainments conducted for private profit or gain, or on passes."

Other sections of the ordinance provide for liens, the enforcement of such liens, and reports to be made by taxpayer; and impose certain duties upon the city tax collector. In our view these are not material or necessary for the purposes of this opinion. It suffices to say that the provisions of the ordinance are sufficient to include the business of operating a moving picture theater.

Chapter 2, Section 4 of the municipal Code of the City of Huntington reads as follows: "All ordinances to be submitted for approval or disapproval of the City Council shall be filed with the Clerk of the Council not less than five days before such submission." The ordinance here considered was filed with the clerk on the 25th day of July, 1949; was passed on the 28th day of July, 1949; and by its terms became effective on August 1, 1949. The council of said city, by motion, waived and suspended the provisions of Section 4 of Chapter 2 above quoted, and

passed the amusement tax ordinance approximately three days after it was filed with said clerk.

The Circuit Court of Cabell County overruled defendants' demurrer to the bill of complaint; granted an injunction inhibiting defendants, their agents, servants and employees until the further order of that court from attempting to enforce the provisions of said ordinance; and, upon its own motion and the joint application of the parties, certified the following questions, which certificate was docketed by this Court:

"1. Whether or not the City of Huntington, a Municipal Corporation of the State of West Virginia, by its charter or by any law of the State of West Virginia, had lawful power and authority to pass, enact and enforce the ordinance attempted to be adopted on July 28, 1949, entitled 'Amusement Tax Ordinance'.

"2. Whether said so-called 'Amusement Tax Ordinance' creates a privilege or license tax, or creates what is, in effect and by its terms, a consumers' sales tax.

"3. Whether or not the Common Council of said City of Huntington had power and authority by motion to set aside or suspend the operation of its then existing ordinance requiring all proposed ordinances to be filed in the office of the City Clerk, five days prior to the consideration thereof by the Council, and to consider and enact said 'Amusement Tax Ordinance', on July 28, 1949, the same having been filed in said Clerk's office on July 25, 1949."

Questions (1) and (2), above quoted, involve the same considerations and will be discussed together. We first advert to the general principles relative to the powers of a municipality. In the case of *Hyre v. Brown*, 102 W. Va. 505, 135 S. E. 656, this Court made an excellent statement, relative to such powers, in point 2 of the syllabus, which reads as follows: "A municipal corporation possesses and can exercise only the following powers: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those

essential to the accomplishment of the declared objects and purposes of the corporation—not simply convenient— but *indispensable.*" See *St. Mary's* v. *Hope Gas Co.,* 71 W. Va. 76, 76 S. E. 841; *Kresge Co.* v. *Bluefield,* 117 W. Va. 17, 183 S. E. 601; *Brackman's* v. *Huntington,* 126 W. Va. 21, 27 S. E. 2d 71; *Crouse* v. *Holdren,* 128 W. Va. 365, 367, 36 S. E. 2d 481. The *Hyre* case is also authority for the proposition that the power of a municipality must be denied if any reasonable doubt exists whether the corporation is possessed of such power. Applying the rule laid down in the *Hyre* case and followed by this Court in other cases, we must examine with strictness the authority of the City of Huntington to adopt the ordinance here considered.

The decision of this case is controlled by determination of the question whether the ordinance levies and assesses a consumers' sales tax, or a gross sales tax. In *Kresge Co.* v. *Bluefield, supra,* this Court considered the distinctions between a consumers' sales tax and a gross sales tax, and held an ordinance of the City of Bluefield levying a tax similar to the State consumers' sales tax invalid. The City of Huntington adopted an ordinance essentially similar to the one considered by this Court in the *Kresge* case, and this Court, in the case of *Anderson-Newcomb* v. *Huntington,* 117 W. Va. 716, 188 S. E. 118, held the tax so levied invalid.

In the case of *Mullens* v. *Huntington,* 117 W. Va. 740, 188 S. E. 120, this Court held: "A tax imposed by the city of Huntington on the privilege of engaging in the business of selling at retail, the same being levied on the gross sales of the business, held to be within the power, conferred by charter, 'to license, tax, regulate or prohibit theaters * * * and other things or businesses on which the state does or may exact a license tax.'" Therefore, we conclude that under its charter the City of Huntington is authorized to impose a gross sales tax, but is not authorized to impose a consumers' sales tax.

We note the existence of Chapter 115, Acts of the Legislature, Regular Session, 1947, authorizing the levy of a

consumers' sales tax on the sale of intoxicating liquors at retail. We are of opinion that said statute has no application to the questions here presented.

After the decision of this Court in the case of *Shulick-Taylor* v. *Wheeling*, 130 W. Va. 224, 43 S. E. 2d 54, the Legislature passed an Act authorizing the levy of an annual privilege, or gross sales, tax by municipalities, but restricted the maximum rate of such taxation to the rate imposed by the State, exclusive of surtaxes. Chapter 3, Acts of the Legislature, 1947, Extraordinary Session. Under the provision of Section 2-(g), Chapter 86, Acts of the Legislature, 1935, Regular Session, the rate of taxation on the operation of a theater or other place of amusement to be levied by the State is one-half of one per cent of the gross income of the business. We think it is fair to assume that the cost of admission to the average moving picture theater rarely if ever amounts to four dollars. Moreover, the tax here considered is not levied on that basis and there is no contention that the tax here considered is imposed under authority of Chapter 3, Acts of the Legislature, 1947, Extraordinary Session.

Analyzing the material parts of the ordinance here considered, we find the elements of a gross sales tax and the elements of a consumers' sales tax. The tax so levied in so far as the ordinance purports to treat the operators of the theaters as the taxpayer, and so far as the ordinance provides for collection from such taxpayer, except as hereinafter noted, amounts to an admission, or gross sales, tax to be paid by the owner of the business. But it may be observed that the ordinance is so worded that the amount of the tax levied could, and no doubt would, be passed on to the consumer by adding the amount of the tax to the cost of admission.

It has the elements of a consumers' sales tax in that the ordinance levies a tax on a per capita admission rather than on the gross income. Furthermore, Section 10 of the ordinance, hereinabove quoted, by its somewhat ambiguous terms, may be considered as being a tax on the persons admitted to the theater on pass.

It is a well-nigh universal principle that courts will determine and classify taxation on the basis of realities, rather than what the tax is called in the taxing statute or ordinance. *Shulick-Taylor* v. *Wheeling, supra.* Moreover, it is a principle of general application that if doubtful language is employed in the taxing statute or ordinance that doubt will be resolved against the taxing authority and in favor of the taxpayer. Such principle is well stated in the following language: "A municipality has no inherent power to levy taxes; it can do so only by virtue of authority delegated to it by the legislature. Its powers are limited, and the statute vesting it with power to tax must be strictly construed and strictly followed; in construing the statute all doubts should be resolved against the city and in favor of the taxpayer; and it must show that all conditions essential to the lawful exercise of power delegated to it have been complied with." *City of Fairmont* v. *Bishop,* 68 W. Va. 308, 313, 69 S. E. 802. See *Hyre* v. *Brown, supra; Trust Co.* v. *Tax Commissioner,* 116 W. Va. 37, 41, 178 S. E. 520.

Bearing in mind the foregoing principles we reach the conclusion that the tax levied by the ordinance here considered is ambiguous and accordingly must be considered most strongly against the taxing authority. Therefore, we hold that said ordinance imposes a consumers' sales tax, and is invalid. *Anderson-Newcomb* v. *Huntington, supra.*

We note in the case of *Alderson* v. *City of Huntington,* 132 W. Va. 421, 52 S. E. 2d 243, 247, that this Court, by inadvertance, used the following language: "This Court later in *Shulick-Taylor Co.* v. *City of Wheeling,* 130 W. Va. 224, pt. 1 syl., 43 S. E. 2d 54, disapproved the application of the term 'privilege tax' to a tax on gross sales." The above quoted language should have read that this Court had disapproved the application of the term "license tax" to a tax on gross sales. The opinion in said case is accordingly modified.

It is a general rule that the ordinance of a municipal corporation may not be repealed by mere motion or reso-

lution, nor can the operation of the ordinance be suspended by a resolution or by the acts of municipal officers. 2 McQuillen, Municipal Corporations, 2d Ed., page 1161, Section 885. Although the rules for its government are adopted and ordained by the city council, a mere motion to suspend them is ineffective. *State* v. *Swindell,* (Ind.) 45 N. E. 700. So far as we have been able to find this rule is of general application.

We note in the case of *Baldwin* v. *City of Martinsburg,* 133 W. Va. 513, 56 S. E. 2d 886, 896, this Court, in passing on the requirement of the charter of the City of Martinsburg which was to the effect that an ordinance was to be referred to a committee, indicates the view that the fact that the ordinance was not so referred, but was adopted by the unanimous vote of the elected members of the council without such reference, did not destroy the effectiveness of the ordinance. We think that holding is sound in that the members of the council's committee to which the ordinance would have been referred were present and voted for its adoption. In the case at bar, Section 4, Chapter 2, of the Code of the City of Huntington, is directed to a somewhat different purpose. The five-day period elapsing between the filing with the clerk and the submission to the council for adoption, is designed to prevent hasty and ill-considered legislation.

We are of opinion and so hold that the Council of the City of Huntington had no authority to suspend by motion Section 4, Chapter 2 of the City code, requiring a waiting period of five days. A suspension, to be effective, was necessarily required to have been by an instrument of equal dignity, i.e., an ordinance. The adoption of the amusement tax ordinance, without the waiting period of five days, is an additional reason for holding said ordinance invalid.

In accordance with the foregoing, we affirm the rulings of the Circuit Court of Cabell County.

*Affirmed.*