DUCKER, JUDGE:
The claimant, The City of Morgantown, a municipal corporation, alleges that West Virginia University is indebted to it for fire service fees assessed against the buildings and property of the University within said City in the amount of $40,886.22 for the fiscal year 1966-67, one-half of which was due November 1, 1966 and one-half May 1, 1967. The unpaid charges represent amounts which the Council of said City, as previously constituted as to its membership, gave the Uni *42 versity credit on total charges of $52,945.11 and $52,943.11 respectively, for the two halves of such charges or assessments. The present or later council alleges that the former council had no authority to authorize such credits and herein claims that the amount of such credits is still due. The facts alleged in the complaint are stipulated by the parties as true; the validity of the claim is solely one of law.
Under the prior submission of this claim this Court held that West Virginia University was not such an agency of the State as to give this Court jurisdiction, and consequently dismissed the case, but notwithstanding the fact that the statute creating West Virginia University provided that the University may sue and be sued, the Supreme Court of Appeals of West Virginia held that the University is such an agency as has constitutional immunity from suit and that this Court has jurisdiction. Accordingly, this Court has now taken jurisdiction of the case for a decision on its merits according to the law and the facts.
We find no specific provision in the Charter of the City of Morgantown authorizing the enactment by the Council of a fire service charge, but Chapter 8, Article 4, Section 20 of the Code of West Virginia gives the governing authority of every municipal corporation that furnishes such service to provide for the same by ordinance, and according to Article 1, Section 2 of said Chapter of the Code all municipal corporations, except where otherwise provided in the Code or by special charter, are subject to the provisions of said Chapter. So the authority to make such charges for fire service is thus given to the Claimant. There is no question as to- legality of the adoption by the City of Morgantown of the ordinance to such effect. The sole question is whether such ordinance could be effectually repealed or rescinded by a simple resolution which attempted to give the University the credit and releasing the liability to such extent, that is whether in order to do so it was necessary that a repealing ordinance be adopted, such adoption having been possible only after publication in accordance with the provisions of Section 10, Article 4, Chapter 8, of the Code in effect at that time, which provisions required publication of notice of such action for at least five days before the meeting at which it was to be submitted for adoption.
*43 The law on this point is stated in the following authorities:
In Corpus Juris Secundum, page 836, section 435(3) it is said—
“The act which repeals an ordinance must be of equal dignity with the act which establishes it, and must be enacted in the manner required for passing a valid ordinance. Accordingly, an ordinance or by-law can be repealed only by 'another ordinance or by-law, and not by a mere resolution, order, or motion, or by a void ordinance.”
In Hukle v. City of Huntington, 134 W. Va. 249, 58 S.E. 2d, 780, the Court said—
“It is a general rule that the ordinance of a municipal corporation may not be repealed by a mere motion or resolution, nor can the operation of the ordinance be suspended by a resolution or by the acts of municipal officers. 2 McQuillin, Municipal Corporations, 2d Ed. page 161, Section 885.”
So according to this clear principle we are of the opinion to conclude that the Council of the City of Morgantown could not legally revoke and in such manner alone repeal the binding effect of the ordinance in question.
Another aspect of the case is also apparent in the equitable situation that exists in this matter. West Virginia University is not simply property or assets within or of the City of Morgantown but is and are property and assets of the State as a whole, 'and it occurs to us that it is not equitable for the City of Morgantown to be charged entirely with the cost of fire protection, which would be the result if the University were held to be exempt or relieved of its share of the cost of such service. By requiring the State as a whole to bear the fire service fee, equity will be better served regardless of any strict interpretation or application of the law. However, be that as it may, the legal reason hereinbefore expressed is adequate for our decision in this case.
For the reasons stated, we are of the opinion to and do hold that claimant is entitled to an award in the total amount of its claim.
Award of $40,886.22.