## CIRCUIT COURT OF LOUDOUN COUNTY

Michael E. Justus et al.

    v.

H. Ervin Lowell et al.

        Case No. (Law) 12218

Centennial Homes, Inc.

    v.

H. Ervin Lowell et al.

        Case No. (Chancery) 13349

H. Ervin Lowell et al.

    v.

Ken W. Erickson et al.

        Case No. (Law) 13059

BY JUDGE THOMAS D. HORNE

May 24, 1993

On February 5, 1993, this Court entered a Decree vacating the prior orders in this cause because plaintiff had failed to join certain indispensable parties. Additionally, the Court permitted the other property owners to be joined as proper parties in this action.

Having vacated the prior orders in this cause, the Court permitted counsel the opportunity to put on additional evidence concerning the validity of the subdivision ordinances of the Town of Purcellville. The evidence which the Court then considered consisted of many records previously omitted by counsel in their challenge to the ordinance.

A review of the record in this case reveals that on May 3, 1977, the Town Council of the Town of Purcellville enacted a "resolution" pursuant to § 15.1–467, Code of Virginia, as amended. This resolution requested that the Board of Supervisors of Loudoun County grant to the Town the right to have and maintain subdivision jurisdiction, "within one mile from the Corporate Limits of the Town of Purcellville except only one-half the distance between Purcellville and Hamilton and to a point of intersection with the proposed Historic Zone between Purcellville and the community of Lincoln."

As the Town now points out and has conceded (see minutes of the meeting of February 9, 1993), the Town never complied with the mandate of § 15.1–467 that any subdivision regulations or amendments thereto may not be "finally adopted" by the Town until after review and approval of the County or by inaction by the Board of Supervisors after notice of the intent to adopt such an ordinance. Had the legislation intended that the Town might adopt the ordinance prior to review by the County, it would have either said so or would have made such ordinance "effective" upon action or in action by the County.

Thus, the Court, having found the provisions of the 1977 ordinance ineffective to limit subdivision jurisdiction to one mile, must decide whether the two mile limit established by the 1966 ordinance must control.

On February 18, 1966, the Town of Purcellville filed with the Clerk of the Circuit Court of Loudoun County a copy of the Subdivision Ordinance including attachments for the Town of Purcellville. The letter of transmittal and record reflects that this ordinance was passed by the Town Council on February 8, 1966. § 15.1–471, Code of Virginia.

This ordinance specifically provided that:

> The jurisdiction of the regulators adopted herein shall apply to the incorporated area of the Town of Purcellville, and within a distance of two (2) miles from its corporate limits except that where the corporate limits of the Town of Purcellville and the corporate limits of any other municipality are closer together

than the sum of the distances from their respective corporate limits as set forth in § 15.1–467(c) of the 1950 Code of Virginia, as amended, the jurisdiction of the Town of Purcellville shall be half way between the limits of the overlapping boundaries.

This ordinance was passed after the Town had given notice to the County of its intent pursuant to § 15.1–467. The record now before the Court demonstrates that the last reference to county review of an ordinance amendment which would have permitted the extension of subdivision jurisdiction of the Town beyond the limits of the Town is contained in the minutes of the Loudoun County Planning Commission of July 25, 1965. At this time the Commission noted no other recommendation as they found they had already made their recommendations concerning adoption to the Board of Supervisors. It similarly reflected the transmittal of a letter by the Town Attorney to the Board of Supervisors regarding jurisdiction of the Subdivision Ordinance. This letter is reflected in the minutes of the Board of Supervisors of July 20, 1965. The contents of this letter or of the transmittal is not disclosed in the minutes or in any other evidence before the Court.

While, it is true that the County Planning Commission and the Board of Supervisors had, prior to the letter from the Town Attorney, gone on record as opposed to the request of the Town to extend its subdivision jurisdiction, the evidence is devoid of any showing of whether the Board's position may have changed.

Faced with the presumption of validity which attaches to the recorded ordinance and the absence of any action by the Board within ninety days of the transmittal of notice, the Ordinance provisions must be deemed valid.

Accordingly, the record demonstrates that the two mile limit should be applied in the instant case. Mr. Burnett may draw an Order consistent with this opinion to which counsel may note their exceptions.

July 7, 1993

This case is before the Court on Plaintiffs' motion to suspend execution of the Final Decree and their request to present evidence in support of their motion to vacate. The instant motion marks another event in the continuing legal controversy over the authority of the Town of Purcellville to exercise subdivision jurisdiction beyond its territorial limits. In their most recent filing, Plaintiffs assert that they

have only recently come upon records which conclusively demonstrate the prior decree was entered in error.

These records, however, are not to be likened to the propylaeum to some archeological treasure trove long buried by the sands of time. They have been accessible to all as a part of the public record. However, counsel for the Plaintiffs infers that it was the volume of information faced by counsel, and not a lack of diligence, which caused such information to be overlooked by all counsel in this case. Should the Court then follow the suggestion of the Plaintiffs and give further consideration to vacation of the Final Decree?

Of the need to bring an end to litigation, it has been said, "Courts are provided for the purpose of putting an end, and a speedy end, to controversies, and not as a forum for endless litigation." *Holmes* v. *Holmes*, 7 Va. App. 472, 781, 782 (1988).

Conversely, the purpose in permitting after discovered evidence is to remove doubt from the decision making process. See, *Cab Association* v. *LaTouche*, 197 Va. 367 (1955). It is a careful balance that the Court must weigh between finality and fairness that forms the backdrop for the present controversy over revisiting an issue long identified and seemingly the subject of meticulous research.

In analyzing the question, it is noteworthy that this issue is but one of many previously addressed in the course of the instant litigation. When queried by the Court, none of the counsel in this case, including representatives of the County and Town, expressed an awareness of the existence of the instant records. Would due diligence on their part have uncovered their existence in this case? What is diligent must be judged in the context of each case.

As counsel have observed, the Court in considering the instant motion to vacate on grounds of after discovered evidence should consider whether the evidence (1) was discovered after the prior hearing; (2) was such that in the exercise of due diligence could not have been secured at the prior trial; (3) is not merely cumulative, collateral, or corroborative; and (4) be of such a character as ought to produce a contrary result on the merits. *Fulcher v. Whitlow*, 208 Va. 34, 37, 38 (1967).

In retrospect, it is easier to argue what should have been discovered than what was found in the exercise of reasonable research. Just because the answer was somewhere in the record, does not mean that a reasonably prudent practitioner, in the preparation of this case involv-

ing a dispute between private persons, would have expended the additional time and effort required to uncover these additional pieces of the mosaic which involves a long, complicated, and convoluted history of public debate spanning a number of years. None of the highly skilled practitioners in this case were able to find that information.

The Court has suspended its final Decree of June 7, 1993. Rule 1:1, Rules of the Supreme Court of Virginia. Based upon a consideration of the motion and the arguments thereupon, the Court believes that the suspension of the Final Decree should be continued and that the motion to vacate set down for argument. Counsel shall submit affidavits for consideration by the Court within twenty-one days. Absent leave of court, discovery shall be stayed and no additional memoranda of law shall be filed herein.

### November 9, 1993

This cause came to be heard upon the Plaintiffs' (Michael E. Justus, Marsha J. Justus, and Centennial Homes, Inc.) motion to reconsider and vacate the Final Decree of this Court entered on June 7, 1993. The Final Decree was suspended by order of the Court June 28, 1993, pending resolution of the Plaintiffs' motion. Counsel presented arguments on the motion September 20, 1993.

The Plaintiffs argue the Court's rulings incorporated in the Final Decree are erroneous and should be reconsidered. For the reasons hereinafter stated, the Court believes its original rulings are correct and affirms its decision contained in the Final Decree entered June 7, 1993, and the letter opinion dated May 24, 1993. The Court will grant summary judgment for the Defendants.

Michael E. Justus, Marsha J. Justus, and Centennial Homes, Inc., acquired four lots in a five-lot subdivision from H. Ervin Lowell and Evelyn C. Lowell. The subdivision application which had led to the creation of the four lots purchased by the Justuses and Centennial Homes was submitted by Mr. and Mrs. Lowell to the Town of Purcellville. This subdivision was approved in 1988 pursuant to the Town's subdivision ordinance. The plat for the subdivision was recorded in 1989. With the exception of a portion of one of the five lots, the land area covered by the record plat lies more than one mile, but within two miles, of the corporate limits of the Town.

The Justuses and Centennial assert that the Town had no authority to approve the subdivision. Therefore, they contend, the lots were created

in violation of the subdivision ordinance of the County of Loudoun. As a result of this flaw in the title to their lots, the Justuses and Centennial seek damages from the Lowells for breach of contract, breach of warranty, and fraud as well as reformation of the notes and deeds of trust.

The Defendant Erickson was employed by the Lowells to assist in the preparation and submission of the subdivision plat to the Town. Thus, the Lowells assert that should the Court find that the lots were created in violation of law, then they are entitled to indemnification from Erickson for such sum as they may be held liable to the Justuses and Centennial Homes based upon his breach of contract and professional negligence.

During the course of these protracted proceedings, it became necessary to join additional parties who would be directly affected by the Court's determination as to the validity of the subdivision which formed the basis of the conveyance of the four lots from the Lowells to the Justuses and Centennial Homes. These additional parties include the Town of Purcellville, the County of Loudoun, as well as a trust holder on one of the parcels and an adjoining landowner involved in a boundary line adjustment affecting the subdivision.

Central to the issue in this case is the construction and application of the provisions of §§ 15.1–467, 15.1–468, and 15.1-469, Code of Virginia, to actions of the Town of Purcellville and the County of Loudoun over the last thirty years. During that period, not only have changes been made in the applicable statutory provisions, but the subdivision ordinances of the Town and County have been amended from time to time by their respective governing bodies.

In a letter to the Honorable Stanley A. Owens, dated November 7, 1956, the Attorney General of Virginia was called upon to interpret the provisions of §§ 15–786 and 15–787 of the Code of Virginia (1950), the predecessors to § 15.1–487, et seq. Those statutes provided, in pertinent part, that:

> Section 15–786. The governing body of any city or incorporated town, as described below, may adopt subdivision regulations which shall be effective both within its corporate limits and beyond within the distance therefrom set out below . . . .
>
> (3) Within a distance of two miles from the corporate limits of incorporated towns . . . .
>
> No such regulations shall be finally adopted by any such municipality until the governing body of the county in which

such area is located shall have been notified in writing by the governing body of the municipality or its designated agent of such proposed regulations and requested to approve or disapprove the same; and if such county fails to notify the governing body of such municipality of its disapproval of such plan within forty-five days after giving of such notice, such plans shall be considered approved . . . .

Section 15–787. The governing body of any county may adopt regulations for subdivisions in the unincorporated area of the county, provided that whenever the governing body of a county desires to adopt subdivision regulations in the county area of municipal jurisdiction located within the county, then such county may proceed to adopt subdivision regulations in such area, except that no such regulations shall be finally adopted for such area by such county until the governing body of the municipality adjoining the same shall have been notified in writing of such proposed regulations and requested to review and approve or disapprove the same, and if such municipality fails to notify the governing body of such county of its disapproval of such regulations within forty-five days after the giving of such notice, the same shall be considered approved.

The Attorney General's Opinion rendered in response to Mr. Owens' request is most helpful in determining the intent of the legislature with respect to the exercise of subdivision jurisdiction within two miles of the corporate boundaries of the Town. This opinion has added significance when considered in light of later amendments which have left such interpretation inviolate. As noted by the Supreme Court:

The legislature is presumed to have had knowledge of the Attorney General's interpretation of the statutes, and its failure to make corrective amendments evinces legislative acquiescence in the Attorney General's view. *See Albemarle Co. v. Marshall, Clerk*, 215 Va. 756, 762 (1975), *Browning Ferris v. Commonwealth*, 225 Va. 157, 161 (1983), (citing *Deal v. Commonwealth*, 224 Va. 618, 622 (1983)).

The interpretation of the Attorney General sets forth certain basic principles which may be summarized as follows.

1. Both the County and the Town have concurrent subdivision jurisdiction over the area within two miles of the corporate limits of the Town.

2. Both the County and the Town may adopt subdivision regulations within that two-mile area.

3. Prior to adopting any such subdivision regulations within that two-mile area, the respective governmental body must give notice to the other of an intent to adopt such regulations.

4. Before such regulations shall become effective, the other jurisdiction must have indicated its approval by action or inaction.

The creation of such an area where either jurisdiction may exercise subdivision control is a reflection of the fluidity of the subdivision and land development process. When land development occurs around municipalities, more often than not the consideration of services and of good planning will extend beyond corporate boundaries. Additionally, the law provides judicial relief for settling disputes where the respective jurisdictions cannot agree on what provisions shall be effective within the two-mile area. *See* § 15.1–469 (formerly § 15–788). In settling such disputes, the Court does not purport to legislate but to declare what duly-adopted ordinance shall be effective. To do otherwise would be an improper exercise of the legislative function by judicial fiat. The record reflects that neither the County nor the Town elected to avail itself of its right to appeal to the Court, although such an appeal may have resolved the conflicts which have confounded the instant case.

*Such appeal to the court for the entry of an appropriate order to* settle such differences is only permissive. Hence, the power of the Court is limited in such cases to a determination, when requested, of what regulations are to be effective within such area, and in certain cases, what ordinance provisions may be finally adopted by the appropriate governing body.

By Order entered on January 3, 1962, the Honorable Judge Rayner V. Snead determined that the Loudoun County Subdivision Ordinance was ineffective within a two-mile area surrounding the Town of Purcellville. His decision was based upon the failure of the County to notify the Town pursuant to § 15–787 of the Code of Virginia, prior to the exercise of its jurisdiction within the two-mile area. This ruling was consistent with the prior letter of the Attorney General, alluded to above, which opined that the Town and County have concurrent juris-

diction within the two-mile area of the Town, but that notice was a necessary prerequisite to the adoption of an ordinance reflecting the exercise of such jurisdiction.

Thus, when the Town adopted its subdivision ordinance on February 8, 1966, it did so in compliance with the requirements of law. As this court noted earlier, the subdivision ordinance adopted by the Town provided for a two-mile subdivision jurisdiction over the area outside the municipal limits. That ordinance, duly recorded with the Clerk of the Circuit Court of Loudoun County, is entitled to a presumption of validity. § 15.1–471, Code of Virginia, as amended.

As this Court has observed in an earlier letter opinion, the record shows that a letter of transmittal was sent from the Town Attorney of the Town of Purcellville to the County prior to the Town's enacting its subdivision ordinance in 1966. This letter was not responded to by the County. While, as noted earlier, this entry may lead one to infer approval by the county by a subsequent failure to respond, such an inference is unnecessary to the ultimate decision in this case concerning the validity of the instant subdivision.

Even were one to consider the prior refusal by the County in 1965 to consent to the exercise of subdivision jurisdiction by the Town outside its corporate limits as evidence of a lack of acquiescence to the Town's request, such a "disagreement" would not serve to limit the power of the Town to enact an ordinance which provided for subdivision control within the two-mile limit. Such "disagreement" would only limit the effective date of such regulations until the respective jurisdictions had reached an agreement or sought relief from the Court. In either event, such provision relating to the exercise of jurisdiction would be reflected in the applicable subdivision ordinance. § 15.1–472, Code of Virginia.

Having enacted its ordinance providing for the exercise by the Town of subdivision jurisdiction within a distance of two miles of the corporate limits, such a provision could only be changed by a subsequent amendment to the ordinance. In enacting such an amendment, the Town would of necessity have to meet all of the requirements necessary to the exercise of its legislative function. § 15.1–472, Code of Virginia.

Having exercised its jurisdiction to extend subdivision control outside its town limits, Purcellville could not, absent consent reflected by a duly-adopted ordinance, or an "appropriate order" issued by the

Court, limit its jurisdiction. It was not until after the institution of the instant litigation that the Town followed the necessary procedural steps to amend its ordinance to reflect a restricting of the two-mile limit to a one-mile limit and thereby bring it in harmony with the subdivision ordinance of Loudoun County.

The Town could not consent to the 1984 County subdivision ordinance, thereby shrinking the Town's jurisdiction, until the Town's subdivision ordinance was properly amended. Thus, the 1966 subdivision ordinance, if not effective beyond the corporate limits, was nevertheless properly and validly enacted. While disagreements with the County may have extended the effective date of such provisions, they did not limit the Town's statutory authority to legislate.

Thus, because the "effective" date of the 1966 provisions relating to the exercise of subdivision jurisdiction would have been delayed until the Town's ordinance was amended this year, the Lowells would not have been required to submit an application to either jurisdiction for approval. Hence, the lots conveyed to the Justuses and Centennial Homes would not have been affected by the County's regulations. The properties were marketable and free of encumbrances.

As the Lowells are not liable in damages to the Justuses, the indemnification claim against the surveyor must likewise fail. The Court sees no reason to vacate its prior Order and will enter summary judgment for the Defendants consistent with its prior Decree of June 7, 1993.

Because it has been expressly raised by the Plaintiffs in their Motion to Vacate, the Court will address the application of the ordinance revisions by the County on the instant proceedings.

As noted earlier, by Decree entered by this Court of February 12, 1962, the County subdivision ordinance was held not to apply within the area two miles from the corporate limits of the Town of Purcellville. In February, 1964, the Planning Commission of the Town of Purcellville began work on a subdivision ordinance for the Town. Two years later, the Town passed a subdivision ordinance which gave it jurisdiction over subdivisions within two miles of its corporate boundaries. It had given notice to the County as required by statute prior to its adoption. Even were the Court to disregard entirely the implications of a letter no longer a part of the record from the Town Attorney to the County, the record would only demonstrate that prior to adopting the ordinance, the County objected and the Town acquiesced in the County's objection to the Town's exercising control within the two mile

limit; and that such acquiescence was followed by the enactment of an ordinance reflecting the intent of the Town to exercise subdivision control despite objection by the County. The acquiescence of the Town did not relate to an expression of intent by the County to amend its ordinance.

Assuming, without deciding, at some time prior to the enactment of the 1966 ordinance, an acquiescence by the Town in the action of the County in disapproving the extension of subdivision jurisdiction two miles outside its corporate limits, the Town, having given notice to the County prior to adopting the ordinance, could proceed to enact the 1966 ordinance. Such acquiescence did not accompany any change to the County ordinance but was a step incidental to the later enactment by the Town of its subdivision ordinance. The motives of the Town are irrelevant, as are the opinions of others as to what they thought the Town council may have intended. Having validly exercised its power to enact such an ordinance, any future change would need to comply both with the specific provisions of § 15.1–467 and those general requirements necessary to effectively amend the ordinance.

After the County had amended its subdivision ordinance in 1973 and 1975, the Town passed a "resolution" requesting that the County "grant the right to the Town to have and maintain subdivision jurisdiction within one mile of its corporate limits." The Plaintiffs contend that this action by the Town Council in 1977 effectively amended its subdivision ordinance. This argument is without merit in that it contradicts both the facts of the present case and the statutory prerequisites necessary for the Town to so amend its ordinance.

The 1977 subdivision ordinance is invalid because the Town Council of Purcellville never "finally adopted" an ordinance modifying the provisions of the 1966 ordinance subsequent to the notice to the County. Virginia Code § 15.1–467 mandates that any subdivision regulations or amendments thereto may not be "finally adopted" by the Town until after review and approval by the County or by inaction of the Board of Supervisors after notice of the intent to adopt such an ordinance. The Purcellville Town Council failed to take the appropriate action in 1977. It merely passed a resolution requesting that the County grant it the power to exercise subdivision jurisdiction contrary to the provisions of its existing ordinance without legislative amendment, and its attendant formalities, or judicial review. Accordingly, the attempt in 1977 to seek a determination of what jurisdiction should

exercise subdivision control within two miles of the corporate limits of the Town was ineffective.

When the County again completely revised its subdivision ordinance, effective December 1, 1984, the Town did not amend its ordinance. While counsel have debated the applicability of the ordinance within the two-mile limit, and in particular the compliance of the County with the notice requirements of the statute, the Court need not concern itself with that question as both the Town and County would have concurrent jurisdiction within the area. The effectiveness of their regulations is subject only to the requirements of the statute. Not until February 9, 1993, was the Town ordinance amended to reflect a reduction to a one-mile limit.

An ordinance can be repealed only by an act of equal dignity of the same municipal corporation, and the action must be treated legislatively in the same manner required for passing a valid ordinance. A prior ordinance can be amended only by ordinance and not by mere motion or resolution. *See, Bittinger v. Corporation of Bolivar*, 183 W. Va. 310, 395 S.E.2d 554 (1990); Michie's Jurisprudence, *Municipal Corporations*, §§ 55, 56, citing *City of Morgantown v. Board of Governors of W. Va. Univ.*, 8 W. Va. Ct. Cl. 41 (1969). *See also Huckle v. Huntington*, 134 W. Va. 249, 58 S.E.2d 780 (1950). Accordingly, actions by the Board of Supervisors, absent appropriate action by the Town could not affect the validity of the 1966 ordinance.

The 1966 ordinance remained in effect until 1993 when the Town Council adopted another ordinance containing a different jurisdictional limit. A subsequent municipal ordinance that covers the subject matter of a prior ordinance repeals or amends the prior ordinance. *Knight v. West Union*, 45 W. Va. 194 (1898). The 1993 ordinance effectively amended the 1966 subdivision ordinance to reflect a one-mile extraterritorial jurisdictional limit. In so amending their ordinance, the Town clarified the nature of its subdivision jurisdiction outside its corporate limits.

The Plaintiffs attempt to buttress their position by pointing to statements in the minutes of the Town Planning Commission made by the Town Attorney indicating the Town had no extraterritorial subdivision jurisdiction. Opinions of public officials cannot change actions taken by the Town Council. The Town Council enacted a valid ordinance in 1966, and this action controls rather than erroneous opinions and actions of public officials. During the period from 1966 to 1993, many

persons had differing opinions as to the extent of Purcellville's subdivision jurisdiction. The fact remains, however, that enactments by the Town Council control.

An ordinance enacted by a municipal corporation is not only binding upon such persons coming within the scope of the ordinance but is also binding upon the municipal corporation. *Houvouras v. Huntington*, 90 W. Va. 245, 110 S.E. 692 (1922). Ordinances adopted by a municipal corporation within the scope of its authority are equivalent to and have the same effect within the corporate limits as laws would have if the laws had been enacted by the state legislature. *Southern Ry. Co. v. Danville*, 175 Va. 300 (1940).

Because the Town Council was bound by the jurisdictional limit contained in the 1966 ordinance, it could not give valid consent to the County in 1984 when the County amended its subdivision ordinance. Accordingly, the County subdivision ordinance failed to take effect until February 8, 1993, when the Purcellville subdivision ordinance was amended.

As noted earlier, the Lowells were either required to submit a subdivision application to the Town (which they did) or were not required to submit such an application to either jurisdiction for approval. The lots conveyed to the Justuses and Centennial Homes are marketable and free of encumbrances.

Hindsight and a record in this proceeding which encompasses hundreds of pages reflect the fact that various attempts to seek compromise and coordinated planning were ineffectual because of procedural defects which become clear only when they become the subject of the intense scrutiny of litigation such as in the present case. Nevertheless, the issue presented in this case is whether the four parcels acquired by the Plaintiffs were created contrary to law and were unmarketable. The record reveals that they were not and that the Defendants are not liable in damages to the Plaintiffs.