# CHARLESTON.

BANNER MORRISON v. SMITH-POCAHONTAS COAL COMPANY.

Submitted March 2, 1921.    Decided March 8, 1921.

1.  CONTINUANCE—*After Trial Amendment to Conform to Proof Court May Properly Proceed With Trial.*

    If during the progress of a trial it becomes necessary to amend the declaration so as to make it conform to the proof, as may properly be done pursuant to section 8 of chapter 131 of the Code, it is not error for the court to proceed with the trial, notwithstanding objection thereto by the opposite party, unless upon motion made and for good cause shown for a continuance.  (p. 160).

2.  MASTER AND SERVANT—*Proof Held Admissible Under Averments as to Instructing Inexperienced Employee.*

    Where in a suit by an employee for personal injuries due to the alleged negligence of defendant the primary act of negligence alleged is the failure of defendant to instruct plaintiff, inexperienced and ignorant of the dangers incident to his employment, in relation thereto and how to avoid the same, evidence of all such incidental facts and circumstances as fairly tend to establish the fact of such negligence and the manner in wihch his injuries were sustained is admissible without specific averment thereof.  (p. 160).

3.  SAME—*Failure to Require Statutory Affidavit as to Age Not Excused by Misrepresentations.*

    Neither the appearance of an employee nor the fact that he or his parent or guardian misrepresented his age will excuse the owner of a coal mine for failure to require the necessary affidavit of the parent or guardian required by section 25 of chapter 15H of the Code.  (p. 161).

4.  APPEAL AND ERROR—*Question Not Fairly Presented or Arising From the Record is Not Ground for Reversal.*

    A question not fairly presented or arising upon the record, though made a point of error in this court, will not be considered or regarded as ground for reversal.  (p. 162).

5.  SAME—*Payment of Premiums Into Compensation Fund No Protection Against Unlawful Employment.*

    Payment of premiums into the workmen's compensation fund of this state will not protect an employer against the

action of an infant unlawfully employed by him in a coal mine. In such case the rights and liabilities of employer and employee are controlled by the common-law principles applicable to master and servant. (p. 162).

6. INFANTS—*Boy Over 14 and Under 16 May Not be Employed in Mine While Schools Are In Session, Though Parents Domiciled Elsewhere.*

Notwithstanding the provisions of section 69, chapter 45 of the Code, limiting the right to attend the free schools and receive instruction therein, in any district or independent district, to those who reside therein with intent to make such district their home, a boy over the age of fourteen and under the age of sixteen years may not be employed in any coal mine in this state while the schools of the district in which such mine is located are in session, although the domicil of his parents is in another district or state. (p. 164).

Error to Circuit Court, Wyoming County.

Action by Banner Morrison, an infant, etc., against the Smith-Pocahontas Coal Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Toler & Moran,* for plaintiff in error.

*Anderson, Strother, Hughes & Curd,* for defendant in error.

MILLER, JUDGE:

The purpose of the present writ is to review and reverse the judgment below in favor of plaintiff for $8,000.00, for personal injuries sustained while employed in defendant's coal mine.

At the time of plaintiff's injuries, according to the declaration and proof, he was an infant between the ages of fourteen and sixteen. The declaration is in two counts, the first averring as the sole act of negligence the employment of plaintiff by defendant while the public schools of the district in which he lived were actually in session, contrary to the statute in such cases made and provided. The second count avers the failure of defendant to pay into the workmen's compensation fund the premiums prescribed by law, plaintiffs employment contrary to law as averred in the

first count, his inexperience and his incapacity because thereof to comprehend the dangers and hazards incident to his employment, and the negligence of defendant to use all reasonable care and caution to instruct him as to the manner in which he should perform his work, and to warn him as to the dangers attending his employment, by reason whereof he sustained the injuries of which he complains.

The record shows no demurrer to the declaration or either count thereof, except that after the jury had been sworn to try the issue joined on defendants plea of not guilty, and during the trial, when plaintiff was permitted to amend each count so as to make the allegata and probata agree as to the manner in which he sutained his injuries, the defendant demurred generally to the declaration as amended, not to each count thereof, which was overruled, and the trial thereon was proceeded with to verdict and judgment.

The first, second and third points of error relied on are without merit. The first and second relate to the question of variance between the allegata and probata as to the particular manner in which plaintiff sustained his injuries, cured as we have shown by the amendments of the declaration during the trial. The third point relates to the action of the court, after the amendments, in proceeding with the trial over the objection of defendant. Citing and relying on the case of *Travis* v. *Peabody Insurance Co.,* 28 W. Va. 583. That case has been substantially overruled in the late case of *Koen* v. *Brewing Co.,* 69 W. Va. 94, holding that the question for which that case is cited did not arise therein, and that the point was obiter. The latter case gives proper construction to our statute on the subject, section 8, chapter 131 of the Code. This statute permits amendments to pleadings to meet the very case presented here, a variance between averment and proof, and provides that a continuance not a matter of right need not be had unless rendered necessary thereby. In the case at bar defendant made no motion for a continuance, and there was no surprise or cause for a continuance presented.

The fourth point of error is that the declaration as amended during the trial in each count thereof is faulty in not

sufficiently . averring the manner, time and place in which plaintiff's injuries were sustained, so as to show defendant's negligence.    The time and place are averred, also, in the alternative, that plaintiff was mashed or thrown between the cars or between the cars and the rib of the coal.    The form of this averment in the alternative was to cover the case as the facts might appear from the evidence when presented to the jury.    The primary act of negligence alleged is the employment of plaintiff contrary to law.    The manner in which the injuries were sustained, assuming the declaration to be good, is unimportant.    In the second count the primary negligence alleged is the failure of defendant to instruct plaintiff, because of his youth and inexperience, how to do the work and avoid injury.    Such averment of negligence furnishes the basis or predicate for the evidence of all such incidental facts and circumstances of omission or commission as fairly tend to establish the negligence of the primary act, according to the cases cited by defendant's counsel.    *Snyder* v. *Wheeling Electrical Co.*, 43 W. Va. 661; *Veith* v. *Hope Salt & Coal Co.*, 51 W. Va. 96.

The fifth point of error affirmed by defendant's counsel is that the court erred in refusing to allow it to prove by its superintendent and mine boss that plaintiff's size and appearance and what he said indicated that he was eighteen years of age and an experienced brakeman.    The evidence of these witnesses shows that they were in doubt, and questioned the plaintiff and required of him the statutory affidavit of parent or guardian that he was of the age rendering it lawful for him to be employed in or about a coal mine, and there is some evidence tending to show that they did get some sort of a certificate, not an affidavit, of a brother-in-law of the plaintiff, not his parent or guardian, consenting to his employment, but this certificate was not produced.    In *Norman* v. *Virginia-Pocahontas Coal Co.*, 68 W. Va. 405, and *Blankenship* v. *Ethel Coal Co.*, 69 W. Va. 74, we distinctly held that the fact that such employee or his parent has misrepresented his age does not preclude recovery; so held in construing our statute, sections 24 and 25, chapter 15H of the Code, which does not excuse an em-

ployer from requiring the affidavit because of the appearance or false representation of the employee or his friend as to his age. To be protected the employer is bound to require the proper affidavit of parent or guardian.

A sixth proposition presented by counsel is that the court below committed prejudicial error in permitting one of defendant's expert witnesses to be asked and to answer, on cross-examination, whether if some other expert who did not testify in the case had given it as his opinion that the particular condition of plaintiff was caused by the injury sustained, he would say such opinion was correct or incorrect. Counsel for plaintiff say the question and answer were not objected to. We find with respect to the testimony of Dr. Hunter, one of the experts, there was an objection and an exception, but with respect to the evidence of Dr. Wood, the other expert, there was no objection or exception to the question asked him, nor to his answer thereto, which was favorable to defendant. However, the opinions of the experts not examined by plaintiff were brought out on cross-examination of plaintiff by defendant's counsel, wherefore we can see no error in the rulings of the court of which defendant can explain. The seventh proposition is covered by the sixth, and we make the same reply.

The eighth proposition urged, and the only one argued by defendant's counsel, is that the violation of the statute against employment of minors within the prohibited ages does not constitute actionable negligence unless such violation thereof is the proximate cause of the injury; that an employer as a matter of law is not chargeable with all injuries that result during the unlawful employment, but is liable only for those injuries against which the statute is intended to guard. And the argument is that sections 33, chapter 10, Acts 1915, prohibiting the employment of boys between the ages of fourteen and sixteen years, was not intended to protect them from personal injuries as was section 32 thereof, inhibiting the employment of boys under the age of fourteen years, but that its purpose was to provide for their education and protect them therein. Our answer to this proposition is that the question does not seem to

fairly arise on the record.   A demurrer to the first count
would likely have presented the question, but so far as the
record discloses there was no demurrer to either count until
after the trial began, and then the demurrer after the amend-
ments were made was general and not to each count,  and
as the second count is concededly good, the demurrer  was
properly overruled.   The question might have been pre-
sented by instructions, but though the order giving judg-
ment on the verdict and filing the only bill of exceptions,
No. 1, indicates that instructions to the jury were  given and
refused, no such instructions appear, and the bill of excep-
tions does not purport to contain or identify any such in-
structions.   Nor does the question arise on the motion for a
new trial, for as the second count is good and there was evi-
dence introduced sufficient to support the case made thereby,
we cannot say the verdict is not well founded on plead-
ings and proof.

It is true, the defendant proved payment of the proper
premiums into the workmen's compensation fund so as to
protect against damages sustained by anyone lawfully em-
ployed in its mines.   But as the jury must have found the
plaintiff was unlawfully employed while the schools in his
district were in session, defendant was not protected against
action by plaintiff by the workmen's compensation fund.
The protection given by the statute does not extend to per-
sons unlawfully employed.    Section 9, chapter 15P of the
Code, specifically provides that the act shall not apply to em-
ployers of employees whose employment is prohibited   by
law.   And we have recently decided that in cases not fail-
ing under the compensation law the common-law rights and
liabilities of employer and employee must control in actions
of negligence.  *Barnett* v. *Coal & Coke Ry. Co.,* 81 W. Va.
251.        ·

Wherefore, we must affirm the judgment.

(ON REHEARING:)

Two additional propositions are urged for reversal. First,
that plaintiff, a boy over fourteen years of age, was not,

while and where employed by defendant, residing in the sub-district or independent school district with intent to make such district his home, and was not, within the provisions of section 69 of chapter 45 of the Code 1916, entitled to attend the free schools of said district, wherefore his employment by the defendant was not unlawful, and defendant was protected by its compliance with the workmen's compensation law: Second, that the evidence shows plaintiff to have been a skilled work hand, acquainted with the duties of his employment, and that the theory that he was not properly instructed as to the dangers of his employment was unavailing and should have been disregarded by the trial court and by the jury.

The argument adduced in support of the first of these propositions is that section 33 of chapter 10, Acts 1915, (section 25, chapter 15H. Code 1916) relating to mines and labor, and sections 69, 72 and 74 of the chapter relating to education, being *in pari materia*, should be read together, and the former chapter interpreted in the light of the latter. In this view we entirely agree with counsel. Section 33 of said chapter 10, makes it "unlawful for any person, operator, agent or mine foreman, to employ or permit any boy between the ages of fourteen and sixteen years, to work in or about a coal mine at any time in which a free school is in session in the school district where said boy resides." And section 72 of chapter 45 of the Code requires every person having under his control a child between the ages of eight and fifteen years to cause him to attend some free school for a period of twenty-four weeks yearly, beginning with the opening of the school term, and makes it a misdemeanor and imposes a penalty for failure to do so; and section 74 of that chapter makes it an offense punishable in like manner for any person to induce any such child to unlawfully absent himself from school, or to harbor or employ him, when the school in the district in which the child lives is in session.

Defendant relies on the evidence that plaintiff's father resided in Virginia, and that when on the witness stand plaintiff said his home was in Virginia, and that after being

hurt in defendant's coal mine he said he wanted to go home. He did so testify, but he also testified that he had been working in West Virginia in a coal mine before being employed by defendant, and during his employment by defendant that he at least had a temporary residence with a relative, Rokle, in the school district where he was employed, and who undertook to make out a certificate which was shown or delivered to defendant, giving his consent to the boy's employment, but not sworn to by him. Plaintiff was employed by defendant during the months of November and December, 1917. It is contended by defendant's counsel that such residence in the State did not give plaintiff the status of one residing within the school district with intent to make such district his home, within the meaning of section 69 of said chapter 45 of the Code, entitling him to attend the free schools thereof, wherefore his employment could not have been unlawful as contemplated by the provisions of the mining statute referred to. On the other hand counsel for plaintiff insist that these mining laws inhibiting the employment of boys between the ages of fourteen and sixteen years have their safety as well as their education in view, and that the provisions of the chapter on education and those of the mining statutes can not be construed as strictly *in pari materia.* Our opinion, however, is that as they relate to boys between the ages of fourteen and sixteen years, the purpose is education, not safety; for when over fourteen years of age, if the schools are not in session, boys may be lawfully employed in or about coal mines, and be subject to the laws pertaining to master and servant the same as adult employees.

The question is therefore squarely presented, what construction should be given to the words of said section 69 of chapter 45, "residing in a sub-district or independent district with intent to make such district their home?" It will be observed that the statute does not say "*permanent* home." Counsel for defendant, however, contend that the statute uses the word "home" in the sense of "domicil", and that the domicil of an infant is that of his parent or guardian, and that he is incapable of choosing a domicil other than that

of his parent or guardian. For some purposes this may be true. For example, for the purpose of determining the rights of administration of his estate, or of inheritance; *White* v. *Tennant*, 31 W. Va. 790: or in the case of a pauper, in determining the place of his residence or domicil for the purpose of his support; *Town of Salem* v. *Town of Lynn*, 28 Conn. 74: or for the purpose of determining the proper forum in divorce proceedings; *Blumenthal* v. *Tannenholz*, 31 N. J. Eq. 194: or in bankruptcy proceedings, *In the Matter of John M. Wrigley*, 8 Wend., (N. Y.), 134.

But when the question is one relating to the education of the youth of the land, no narrow construction of the statute ought to be indulged in. In *Yale* v. *West Middle School District*, 59 Conn. 489, 13 L. R. A. 161, it was decided that a child living with a domiciled resident and tax payer of a school district as a member of his family with the expectation on the part of all parties interested that this relationship will continue permanently, although she has never been formally adopted and may not have a domicil in the technical sense of that term in the district, has a residence in the district for school purposes and can not be compelled to pay tuition as a non-resident. In *State ex rel School District No. 1 of Waukesha* v. *Thayer*, 74 Wis. 48, it was held that a minor may have for school purposes a residence other than that of his parents. And in that case it was decided that where the mother, deserted by her husband and unable to support their minor children, found a home for the child in Waukesha, where he worked and boarded and had no other home, was a resident of Waukesha for school purposes, although the mother herself was employed as a school teacher in Milwaukee and boarded there.

And so we hold that although the domicil of the plaintiff in this case for some purposes may have been that of his parents in Virginia, nevertheless as he left his home in Virginia, with or without their consent, and was allowed to labor and appropriate his earnings; and was liable to become a citizen and resident of this State, the State thereby became interested in his education and good citizenship. In the light of these facts we should not give the statute such a

narrow construction as to relieve him or his employer from the compulsory provisions of the statute. A narrow construction thereof might permit the persons thereby prohibited, to employ boys from adjoining school districts or adjoining counties of the State, if perchance the schools in such counties or districts did not happen to be in session at the particular time, which would be bad policy and lead to evasions of the law and render it abortive.

As to the second proposition relied on, relating to failure to instruct, it is conceded that plaintiff was not instructed. We can not say from the evidence that he was so skilled or acquainted with the dangers to which his employment subjected him as not to call for instruction, or that these dangers were so open and apparent that instructions were not necessary. The record shows that the jury were instructed, but not what the instructions were. Presumptively they were properly instructed on the duty of an employer in the premises, and that they found against the defendant on the conflicting evidence relating to the necessity to instruct.

For the reasons formerly given and now adhered to, as well as for the additional reasons now presented, we adhere to our former opinion to affirm the judgment.

*Affirmed.*