CITY OF HUNTINGTON *v.* HUNTINGTON WATER
CORPORATION

(No. 8458)

Submitted September 2, 1937. Decided November 23, 1937.

*Fitzpatrick, Brown & Davis, Clarence H. Dickey,* and
*C. W. Strickling,* for plaintiff in error.
*Harold A. Ritz* and *B. J. Pettigrew,* amici curiae.
*B. C. Sharitz* and *J. F. Eaton,* for defendant in error.

HATCHER, JUDGE:

The City recovered a judgment against the Water Cor-
poration for a tax charge of one per cent of its gross
revenue, for the fiscal year of 1934-5. The ordinance
thereon was passed in September, 1934, and reenacted
in April, 1935. The part imposing the charge follows:

"There is hereby laid and imposed upon every
public utility using the streets of the City of

Huntington for the purpose of laying pipe, pipe lines, tracks and other means of conveyance of any persons or any produce or energy excepting steam railroads, a charge equal to one per cent (1%) of the gross revenue derived by the said public utility from the business done by it in the City."

1. Defendant contends that this ordinance was impliedly repealed by a later ordinance which the City passed in September, 1935, covering the same subject matter as the earlier one, though imposing a lower tax. The formula relating to implied repeals is, the intention of the lawmaking body should prevail. 59 C. J., subject Statutes, sections 508, 518-19. The intention not to repeal is clearly shown in the preamble of the later ordinance, to-wit: "An ordinance to provide for the raising of additional revenue," etc.

2. The ordinance in question contains the recital: "The charge hereby imposed is intended to be a tax upon the franchise of the utility affected, or license tax upon the right of the utility to do business within the City, or a rental upon the use by the utility of the streets of the City or such other form of tax or charge as may be held by the Courts to be a legal tax or charge which the City may impose upon said utility." Because whereof defendant contends that the ordinance is invalidly vague, uncertain and indefinite, leaving the taxpayer "in the dark as to just what kind of tax it seeks to impose." The rule, says defendant, "is that when the enacting authority does not know what it is enacting, the courts will not attempt to give such enactments vitality." The ordinance stated with particularity the corporations to be taxed and the method of calculating the amount of the tax. Since the nature of a tax is determined by its operation, irrespective of its name, we regard the recital as gratuitous. 59 C. J., subject Statutes, sec. 592; 3 Honald, Sup. Ct. Law, p. 2444, sec. 12; 61 C. J., subject Taxation, sec. 6. The paragraph imposing the tax sufficiently defines it as a tax for the privilege of doing business within the city. *Underwood Typewriter Co.* v. *Chamberlain*, 94 Conn. 47, 108 Atl. 154; *Central Granaries* v. *Lancaster County*, 77

Neb. 311, 109 N. W. 385, 387; *City of Lakeland* v. *Amos,* 106 Fla. 873, 878-9, 143 So. 744. Therefore, the tax is essentially a privilege tax. "It is entirely legitimate to tax a privilege, business or occupation." *Lewis* v. *Bluefield,* 117 W. Va. 782, 786, 188 S. E. 237, 239. A percentage of the gross income of a business is frequently employed to ascertain the amount of such a tax. *City of Portland* v. *Power Co.,* 80 Ore. 271, 156 P. 1058, 1068; *Maine* v. *Grand Trunk Ry. Co.,* 142 U. S. 217, 12 S. Ct. 121, 163, 35 L. Ed. 994; *New Orleans City & L. Ry. Co.* v. *New Orleans,* 143 U. S. 192, 195; Gray, Lims. on Tax. Pow., sec. 58; Cooley, Taxation (4th Ed.), sec. 1692; 61 C. J., subject Taxation, sec. 256.

3. The defendant contends that the City was without authority to pass the ordinance. The following provisions of the city charter afford authority: (a) "To license, tax, regulate or prohibit theatres, * * *; and other things or business on which the state does or may exact a license tax." (b) "To levy taxes on persons, property and licenses." See *Lewis* v. *Bluefield, supra; Mullens* v. *Huntington,* 117 W. Va. 740, 188 S. E. 120. Subject, of course, to constitutional limitations, "the legislature has power to impose a franchise tax—and this power may be delegated to a municipality or other local subdivision—either on the franchise to be, the franchise to do, or special franchises * * * Each separate franchise may be taxed." Cooley, *supra,* sec. 829.

4. Defendant contends that this ordinance is a charge for using the streets, and violates the franchise contract theretofore made between the city and it, whereby it acquired the right to use them. The city points to the fact that the tax is not measured by use of the streets but by the revenue from business. Therefore, the city contends that reference to the streets is for the sole purpose of classifying the utilities thus taxed. Where there are two permissible constructions of an ordinance, one rendering it invalid and the other valid, the latter should be preferred. *Coach* v. *Gage,* 70 Ore. 182, 189; Cooley, *supra,* sec. 509; Lewis' Sutherland, Stat. Const. (2nd Ed.), secs. 82-3; 59 C. J., subject Statutes, sec. 162. Consequently, we adopt the construction proposed by the city. The de-

fendant's franchise did not exempt it from a tax of this nature, and such an exemption will not be inferred. *Erie R. Co.* v. *Pennsylvania,* 21 Wall. (U. S.) 492, 498-9, 22 L. Ed. 595; *New Orleans City & L. Ry. Co.* v. *New Orleans, supra;* *Los Angeles Gas Corp.* v. *Los Angeles,* 163 Cal. 621, 628, 126 P. 594. It is settled that when a city has not surrendered the right of taxing further a corporation to which it has granted a franchise, the city may, if lawfully empowered, levy upon the corporation a tax for the privilege of transacting business, without impairing the franchise contract. *Republic Acceptance Corp.* v. *De Land,* 275 Fed. 632, 636; *St. Louis* v. *United Rys. Co.,* 210 U. S. 266, 28 S. Ct. 630, 52 L. Ed. 1054; *Flint* v. *Stone Tracy Co.,* 220 U. S. 107, 108, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; *Puget* v. *Seattle,* 291 U. S. 619, 627, 54 S. Ct. 542, 546, 78 L. Ed. 1025.

5. Defendant's brief presents another point against the validity of the ordinance. The latter was set forth at length in the declaration herein. This point should have been raised for decision in the circuit court, but was not; nor was it stated in the petition here for a writ of error. The point is therefore an afterthought, and not one to be treated as "fairly arising upon the record of the case," and requiring consideration under the Constitution, Art. VIII, Section 5. "Alleged errors outside of the case made by the pleadings, or not brought to the attention of the trial court, will not be considered here." *Oceana* v. *Cook,* 63 W. Va. 296, 60 S. E. 145. Accord: *Morrison* v. *Coal Co.,* 88 W. Va. 158, 106 S. E. 448; *Bell* v. *Gas Co.,* 106 W. Va. 155, 145 S. E. 165; 3 Am. Juris., subject App. and Err., sec. 246; 4 C. J. S., subject App. and Err., section 228.

The judgment is affirmed.

*Affirmed.*