BOARD OF EDUCATION OF PRESQUE ISLE TOWNSHIP
SCHOOL DISTRICT NO. 8 *v.* PRESQUE ISLE
COUNTY BOARD OF EDUCATION.

1. STATUTES—CONSTRUCTION.

A statute will be construed, where possible, so that all of its provisions are given effect.

2. SAME—CONSTRUCTION.

Construction of a statute should be made so as to have the statute, as a whole, a harmonious and consistent enactment.

3. SCHOOLS AND SCHOOL DISTRICTS—ANNEXATION OF INOPERATIVE DISTRICTS.

The school code has given to the county and State boards of education the power to attach or annex an inoperative school district to an operating district by direct order and subject only to necessary winding up processes (PA 1955, No 269, § 440 *et seq.*).

4. SAME—ANNEXATION OF INOPERATIVE DISTRICTS—LEGISLATURE.

The legislature has power to confer upon county and State boards of education the right to require an inoperative school district to be annexed to an operating district, where the inoperative district is first afforded an opportunity, in a 2-year period, to annex itself to an operating district or reopen its schools (PA 1955, No 269, § 440 *et seq.*; § 461 *et seq.*).

5. SAME—PRIMARY SCHOOL INTEREST FUND.

A school district is entitled to its proportionate share of the primary school interest fund only so long as it remains in existence, an existence terminable by the county school board of education subject to review by the State board of education (PA 1955, No 269, § 440 *et seq.*; § 461 *et seq.*).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  50 Am Jur, Statutes §§ 358, 359.
[3–5]  47 Am Jur, Schools §§ 17, 22.
[6]  50 Am Jur, Statutes § 291 *et seq.*
[7]  16 Am Jur, Declaratory Judgments § 65.
[8]  14 Am Jur, Costs § 91.

6. STATUTES — CONSTRUCTION — EVIDENCE — LEGISLATOR'S RECOLLECTION.

A legislator's present recollection of what he understood as to the language enacted into law may not be used in interpreting the statute as enacted.

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—DECLARATION OF RIGHTS—SUBSEQUENT AFFIRMATIVE RELIEF ON CROSS BILL.

Whether or not trial court's order granting affirmative relief after entry of declaratory decree on defendants' cross bill, specifically covered by a provision in the declaration of rights act, is not considered, where plaintiffs had not objected to defendants' cross bill prior to decree (CL 1948, § 691.503).

8. COSTS—PUBLIC QUESTION—VALIDITY OF INVOLUNTARY ANNEXATION OF INOPERATIVE SCHOOL DISTRICTS.

No costs are allowed in suit to determine validity of involuntary annexation of inoperative school district to an operating district, a public question being involved (PA 1955, No 269, § 440 et seq.; § 461 et seq.).

Appeal from Presque Isle; Holbrook (Donald E.), J., presiding. Submitted June 7, 1961. (Docket No. 22, Calendar No. 48,772.) Decided November 30, 1961. Rehearing denied February 9, 1962.

Bill by Board of Education of Presque Isle Township School District No. 8 and Presque Isle School District No. 8 against Presque Isle County Board of Education, Alpena Board of Education, State Board of Education, and Lynn M. Bartlett, Superintendent of Public Instruction, for declaration of rights relative to order combining territory with that of Alpena district, relative to its continued existence as a separate district, and for injunctive relief. Cross bill by Alpena Board of Education. Declaratory decree for defendants with mandatory order directing plaintiff district to turn over books, records, and assets to Alpena district. Plaintiffs appeal. Affirmed.

*Habermehl & Mandenberg (Donald M. Habermehl,* of counsel), for plaintiffs.

*Paul L. Adams,* Attorney General, *Joseph B. Bilitzke,* Solicitor General, and *Eugene Krasicky,* Assistant Attorney General, for defendants State board and superintendent.

*Carl R. Henry* and *William F. Knapp,* for defendant Alpena Board of Education.

SOURIS, J.   This suit for declaratory decree was before this Court first in 1959. *Board of Education of Presque Isle Township School District No. 8* v. *Presque Isle County Board of Education,* 357 Mich 148. The chancellor's dismissal of the plaintiff's bill of complaint was affirmed, but we granted plaintiff, and the Presque Isle Township School District No. 8, in case it should enter as a party plaintiff, the right to file an amended bill. The township school district did join the board of education and an amended bill was filed, to which answers were duly made by all of the defendants, and a cross bill, later amended, was filed by 1 of the defendants, the Alpena board of education. After trial of the issues thus framed, the chancellor entered a declaratory decree in favor of defendants and, subsequently upon defendants' motion, ordered plaintiff board of education to turn over all books, records and assets and to transfer all properties of the plaintiff school district to the Alpena board of education. It is from this decree and subsequent order plaintiffs now appeal.

The pertinent facts are set forth in our opinion in the first appeal. Affirmance in the first appeal was based upon our conclusion that no constitutional or other ground of judicial consideration had been pleaded. The amended bill now before us contains

only 2 additional factual allegations not contained in the first bill. Neither is significant to the legal issues sought to be pleaded either in the original or the amended bill. However, plaintiffs also have added to their amended bill 3 constitutional claims, only 2 of which are briefed in this appeal: (1) If PA 1955, No 269, authorizes county boards of education, or the State board of education, to effect involuntary dissolutions of local school districts by annexation or attachment of their territories to other districts, as defendants contend and as we said when the case was first here on appeal, it constitutes an unlawful delegation of legislative power, and (2) Plaintiff school district has a vested interest in a proportionate share of the primary school interest fund as provided for in article 10, § 1, and article 11, § 9, of the 1908 Constitution which the legislature cannot affect in the absence of the district's consent or its failure to conform to constitutional requirements.

Plaintiffs would have us so interpret sections 440 *et seq.* of PA 1955, No 269 (CLS 1956, § 340.440 *et seq.*, Stat Ann 1959 Rev § 15.3440 *et seq.*), that the orders of the county and State boards of education therein authorized would not be self-executing and would require, to be effective, voluntary compliance by the school board. Upon failure of voluntary compliance, plaintiffs contend, the school district would incur as a penalty only the loss of "financial benefits to which it might be entitled as the result of legislative appropriations for school aid purposes." CLS 1956, § 340.443 (Stat Ann 1959 Rev § 15.3443).

Defendants argue, on the other hand, that the order of the county board of education or, in the event of an appeal, the State board of education, is effective in and of itself to accomplish annexation or attachment of the territory of an inoperative school district to the territory of an operating dis-

trict and to dissolve the inoperative district subject only to necessary winding up processes.

Defendants say that plaintiffs' interpretation disregards the imperative language used by the legislature in its grant of authority to the county and State boards of education. Plaintiffs say that defendants' interpretation renders one section of the act (CLS 1956, § 340.443 [Stat Ann 1959 Rev § 15-.3443]) a nullity, for if the orders of the county or State boards of education are in fact self-executing commands, the affected school district would forthwith lose its separate identity and thereafter would not be entitled to any legislative appropriation which it could forfeit upon failure to comply with the order. The attorney general's brief fails to suggest under what circumstances that forfeiture section of the act would apply if the orders of the county and State boards of education are self-executing. The chancellor concluded that the section probably was surplusage except to the extent that it might be applicable during the winding up process, during the interim period between issuance of the order of attachment or annexation by the county or State board of education and the actual conveyances and transfers of property by the local board of education. Therein lies the dilemma of this case. By one interpretation of the act imperative language is made precatory, by the other interpretation a penalty provision is made surplusage.

Where it is possible to do so we will, of course, so construe a statute that all of its provisions are given effect. But the end we seek is an interpretation of the statute as "a harmonious and consistent enactment as a whole." *City of Grand Rapids* v. *Crocker,* 219 Mich 178, 183.

We are convinced, as we said in our opinion in the first appeal (p 154), that the legislature has given to the county and State boards the power to attach

or annex an inoperative school district to an operating district by direct order and "subject only to necessary winding up processes." We are not at all convinced that the penalty provision, under such circumstances, could ever be given practical effect, but perhaps a subsequent case will present a factual situation to which the provision will be found applicable. There remains consideration of plaintiffs' claims that the legislature's action, as we have construed it, was beyond its constitutional power. It will be remembered that these claims are (1) that the legislature cannot delegate to the county and State boards what plaintiffs claim is legislative power and (2) that the legislature cannot affect what plaintiffs claim is a constitutionally vested interest of the school district in the primary school fund.

Plaintiffs' first claim was recently discussed by this Court in *Imlay Township Primary School District* v. *State Board of Education,* 359 Mich 478, at pp 482–484. There, this Court considered the power of the legislature to invest county boards of education with authority to detach territory from 1 school district and to attach it to another, subject to review by the State board of education, pursuant to CLS 1956, § 340.461 *et seq.,* as amended (Stat Ann 1959 Rev § 15.3461 *et seq.*). The Court concluded the delegation of powers there involved properly was within the legislature's authority, citing *Board of Education of the City of Detroit* v. *Superintendent of Public Instruction,* 319 Mich 436, and quoting from *MacQueen* v. *City Commission of City of Port Huron,* 194 Mich 328, 336, and *Child Welfare Society of Flint* v. *Kennedy School District,* 220 Mich 290, 296. The powers conferred upon the county and State boards by CLS 1956, § 340.440 *et seq.* (Stat Ann 1959 Rev § 15.3440 *et seq.*), are essentially the same as those involved in the *Imlay Township Case* except for the fact that in the *Imlay Township Case* the powers

there involved are exercised upon resolution of 1 of the affected local boards or upon petition of 2/3 of the resident owners of the land to be transferred. To that extent what subsequently occurs can be regarded as the voluntary action of the local board or the residents affected. But here, too, the action of the county or State board is, to a very large extent, within the control of the local boards. The act provides that notice must be given by the county superintendent of schools to each local board which shall not have operated a school for a 2-year period that it must comply with the provisions of the act. Thereafter, the local board may, within 1 year, voluntarily attach its territory to an operating district or reopen and operate its own schools, only failing which the county and State boards are authorized to act as they here did. The difference is not material, and we conclude, as the Court did in the *Imlay Township Case,* that the delegation of powers here involved is valid.

Having so decided, plaintiffs' second constitutional claim, that the school district has a constitutionally vested interest in the primary school interest fund, must likewise be decided against plaintiffs. A school district is entitled to its proportionate share of the fund only so long as it remains in existence, an existence we have held the county or the State board of education legally can terminate as was here done.

Plaintiffs next seek to have us review a ruling of the chancellor excluding the testimony, taken by deposition, of a member of the 1955 legislature concerning his understanding of the language enacted into law with which we are concerned. No Michigan cases in point are cited by the parties and we have found none. As the question is presented to us it does not involve the admission of legislative journals or other historical evidence contemporaneous with

the enactment being construed. It presents only the question whether 1 legislator's present recollection of what he intended at the time of passage of a bill may be received in evidence to be used in interpreting the statute as enacted. Such evidence cannot properly be admitted. In *State* v. *California Co.*, 79 ND 430, 434, 435 (56 NW2d 762), the North Dakota court, in passing upon a similar question, said:

"That this testimony was incompetent for any purpose seems apparent. The plaintiffs have cited no authority to sustain the competency of this testimony. They admit that such evidence could not be offered to prove legislative intent or to aid in the interpretation of any act or to aid in the reaching of any conclusion as to the meaning of any act, but they argue that such evidence shows that the members of the legislature did not discern any conflict between chapters 136 and 286. Whether the members of the legislature discerned a conflict is manifestly immaterial. The testimony of individual members of the legislature is inadmissible, whether it pertains to legislative intention or motives of the members in enacting the law, the meaning of which is being determined. 2 Sutherland on Statutory Construction (3d ed, Horack), § 5013; *United States* v. *Trans-Missouri Freight Ass'n*, 166 US 290 (17 S Ct 540, 41 L ed 1007)."

In 1902 the supreme court of Wisconsin had this to say in *Northern Trust Co.* v. *Snyder*, 113 Wis 516, 530 (89 NW 460, 90 Am St Rep 867):

"It is too elementary to justify us in referring to authority on the question, that a legislative body is not permitted under any circumstances to declare what its intention was on a former occasion so as to affect past transactions. * * * Its members have no more right to construe one of its enactments retroactively than has any private individual."

Finally, plaintiffs contend that the defendants' amended cross bill of complaint was not germane to the subject matter of their amended bill of complaint and that the chancellor erred in granting defendants affirmative relief after entry of his declaratory decree on defendants' subsequent motion and an order to show cause. At no time prior to decree did plaintiffs object to defendants' cross bill and we cannot, in the absence of timely objection thereto, consider the question sought now to be raised. The propriety of the chancellor's subsequent order granting defendants additional relief is specifically covered by section 3 of the declaration of rights act, PA 1929, No 36 (CL 1948, § 691.503 [Stat Ann § 27.503]).

Affirmed. No costs, a public question being involved.

DETHMERS, C. J., and CARR, KELLY, and EDWARDS, JJ., concurred.

BLACK and KAVANAGH, JJ., did not sit.

OTIS M. SMITH, J., took no part in the decision of this case.