TIMOTHY FRANCIS COGAN

*v.*

THE CITY OF WHEELING, *et al.*

(No. 14108)

Decided February 10, 1981.

Rehearing Denied April 2, 1981.

*O'Brien, Cassidy & Gallagher and William C. Gallagher* for appellant.

*John Marshall III* for appellees.

HARSHBARGER, CHIEF JUSTICE:

This is an appeal by Timothy Francis Cogan, former Executive Director of the Wheeling Human Rights Commission (hereinafter referred to as Commission), from an adverse declaratory judgment ruling of the Circuit Court of Ohio County. His claim is based on the allegation that he was improperly discharged from his employment by the Wheeling City Council. We agree and reverse the judgment below.

The Wheeling Human Rights Commission was created by the City of Wheeling by an ordinance under the authority

of *W.Va. Code*, 5-11-12.[1] The ordinance was adopted on July 18, 1972. Appellant was appointed on July 25, 1974, to the position of Executive Director of the Commission. He served in that capacity until March 26, 1976, when the Wheeling City Council voted to terminate his employment effective April 1, 1976. The termination was pursuant to an amended ordinance which was adopted on January 2, 1974 and provided for termination of the executive director as follows:

> "The Commission shall select an executive director by and with the advice and consent of Council, who shall serve at the will and pleasure of Commission and Council."

Subsequent to his termination, appellant brought a declaratory judgment action in the Circuit Court of Ohio County to determine whether the Wheeling City Council had authority to terminate his employment under the ordinance without the concurrence of the Commission.

Cross motions for summary judgment were denied and a hearing was held to determine the meaning of the ordinance through its legislative history. In an order dated February 4, 1977, the circuit court said:

> "[I]t is the opinion of this Court that the Council intended, by the aforesaid language, to give either the Commission or the Council the right to

---

[1] *W.Va. Code*, 5-11-12, entitled *Local human relations commissions*, reads:

(a) The legislative body of a political subdivision may, by ordinance or resolution, authorize the establishment or membership in and support of a local human relations commission. The number and qualifications of the members of any local commission and their terms and method of appointment or removal shall be such as may be determined and agreed upon by the legislative body, except that no such member shall hold office in any political party.

(b) The legislative body of any political subdivision shall have the authority to appropriate funds, in such amounts as may be deemed necessary, for the purpose of contributing to the operation of a local commission.

(c) The local commission shall have the power to appoint such employees and staff, as it may deem necessary, to fulfill its purpose.

terminate the service of the Executive Director at their will and pleasure, that is, at any time, without the concurrence of both groups, and it is thereby,

"ADJUDGED, ORDERED and DECREED that Ordinance 5452 shall read '. . . at the will and pleasure of the Commission *or* the Council' . . . ."

We begin by noting the general rule that a municipal ordinance exercising a power granted to it by a state statute must not conflict with the state statute. E.g., *Marra v. Zink*, 163 W.Va. 400, 256 S.E.2d 581 (1979); *Vector Co. v. Board of Zoning Appeals of the City of Martinsburg*, 155 W.Va. 362, 184 S.E.2d 301 (1971). We do not believe, however, that the provision in the Wheeling ordinance which enables the local Commission to select an executive director "who shall serve at the will and pleasure of Commission and Council," to be in conflict with *W.Va. Code*, 5-11-12(c), which authorizes "[t]he local commission . . . to appoint such employees and staff, as it may deem necessary, to fulfill its purpose."

The ordinance authorizes the Commission to appoint subject to the approval of the City Council. The fact that Council retains some control over the staff of the Commission is but a reflection of the statutory scheme that permits council to determine the "method of appointment and removal" of the commission under *W.Va. Code*, 5-11-12(a). Furthermore, under *W.Va. Code*, 5-11-12(b), the council controls the funding of the commission and its staff.

The critical question, however, is whether the Council can, without the approval of the local Commission, remove its executive director. The trial court concluded that Council could, by holding that the word "and" in the city ordinance which stated the "executive director . . . shall serve at the will and pleasure of Commission *and* Council," should be read as "or". The trial court's decision, in part, was based on testimony from members of City Council and the Commission as to what they believed the intent of the ordinance to be.

We conclude that the trial court erred in taking this evidence into consideration. It is fundamental that the

rules for construing statutes also apply to the interpretation of municipal ordinances. *Harvey v. City of Elkins*, 65 W.Va. 305, 64 S.E. 247 (1909); 6 *McQuillin Municipal Corporations* § 20.39 (3rd ed. 1980). Ordinarily a court cannot consider the individual views of members of the Legislature or city council which are offered to prove the intent and meaning of a statute or ordinance after its passage and after litigation has arisen over its meaning and intent. *See*, 2A *Sutherland Statutory Construction* § 48-16 (Sands ed. 1973). *See also, United States v. Philadelphia National Bank*, 374 U.S. 321, 83 S.Ct. 1715, 10 L.Ed.2d 915 (1963); *Board of Education v. Presque Isle County Board of Education*, 364 Mich. 605, 111 N.W.2d 853 (1961); *Bowaters Carolina Corp. v. Smith*, 257 N.C. 563, 186 S.E.2d 761 (1972).

There may be those occasions when a court may substitute "or" for "and" in construing a statute when such conversion is necessary to give effect to clear legislative intent, Syllabus Point 20, *Carper v. Kanawha Banking & Trust Co.*, 157 W. Va. 477, 207 S.E.2d 897 (1974); however, this case does not fall within that rule. First, the statute, *W.Va. Code*, 5-11-12(c) authorizes the local commission to appoint its staff. Ordinarily, the power to appoint carries with it the power to remove. *State ex rel. Musick v. Londeree*, 145 W.Va. 369, 115 S.E.2d 96 (1960). While, as noted above, we have held that the city ordinance is not inconsistent with the state statute, if we were to hold, as did the trial court, that the council had the sole power to fire the executive director, the ordinance would be inconsistent. It is clear that the statute, *W.Va. Code*, 5-11-12(c) was intended to give some measure of control by the Commission over the employment of its staff. The city ordinance respects this intent by requiring that the executive director serve at "the will and pleasure of Commission and Council." We thus conclude that in order to keep the ordinance in harmony with the state statute, it must be construed to mean that both the Commission and Council must concur on discharging the executive director. In Syllabus Point 1 of *City of Huntington v. Huntington Water Corporation*, 119 W.Va. 420, 194 S.E. 617 (1937), we

have held that "[w]here there are two permissible constructions of an ordinance, one rendering it valid and the other invalid, the former should be preferred."

For the reasons set out above, the judgment of the trial court on the declaratory judgment is reversed and the case is remanded for further proceedings.

Justice Caplan participated and concurred in this decision but departed from the Court prior to the preparation of the opinion. Justice McHugh did not participate in the consideration of this case. Justice Miller, deeming himself disqualified, did not participate in this decision.

*Reversed and remanded with directions.*