505 S.E.2d 711

**Marjorie E. DANIEL, Flicka Daniel Graves and Charlotte Susan Daniel Thomas, Plaintiffs Below, Appellees,**

v.

**UNITED NATIONAL BANK, a National Banking Association, Defendant Below, Appellant.**

No. 24643.

Supreme Court of Appeals of
West Virginia.

Submitted May 13, 1998.

Decided July 8, 1998.

Gary G. Markham, Bowles Rice McDavid Graff & Love, P.L.L.C., Charleston, for Appellant.

Robert B. Sayre, Beckley, for Appellee Marjorie C. Daniel.

William H. File, III, Beckley, for Appellees Flicka Daniel Graves and Charlotte Susan Daniel Thomas.

PER CURIAM: [1]

United National Bank appeals an order granting summary judgment in favor of Marjorie Daniel and her two stepdaughters in an action that was initiated to compel the bank to distribute certain funds held in a trust created by Marjorie's deceased husband. In granting the summary judgment, the circuit court concluded that, by virtue of a particular letter written to United National Bank on behalf of Marjorie and her stepdaughters, Marjorie disclaimed her interest in the trust under the Uniform Disclaimer of Property Interests Act, W.Va.Code § 42–6–1 *et seq.* United argues, in part, that the letter was not an effective disclaimer as it did not comply with the requirements of the Uniform Disclaimer of Property Interests Act. We agree. We therefore reverse the January 16, 1997, order of the Circuit Court of Raleigh County. We grant summary judgment in favor of United National Bank.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The following facts are undisputed. In June, 1986, Forrest E. Daniel amended and

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 · W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

restated an inter vivos trust agreement. Mr. Daniel named Raleigh County National Bank as Trustee. The trust agreement provided that if Mr. Daniel's wife, Marjorie C. Daniel, who is one of the appellees herein and a plaintiff below, survived him, then the trust estate would be divided into two separate trusts, Trust A and Trust B. Trust A was to be funded with "a sum equal to the largest amount that can pass free of federal estate tax ... by reason of the unified credit allowable to [the] estate." The balance of the trust estate remaining after the funding of Trust A, if any, was to be placed into Trust B.[2] The trust agreement also contained a spendthrift clause, which was made applicable to both trusts. Sometime after the execution of the trust agreement between Forrest E. Daniel and Raleigh County National Bank, United National Bank (hereinafter United), defendant below and appellant herein, became successor trustee.

Under the terms of the trust agreement, United is directed to "accumulate and reinvest the income from Trust A," provided that if United "determines that the income of Grantor's said wife [Marjorie Daniel] from all sources known to the Trustee [United] is not sufficient for her proper care, maintenance and support, the Trustee [United] shall pay to her or use for her benefit, if Trust B has been exhausted, so much of the principal of Trust A as the Trustee determines to be required for those purposes."

The trust agreement also provides that upon the death of Marjorie Daniel, and after making a payment to Marjorie's estate for certain estate and inheritance taxes, the remainder of the trust funds is to be divided equally between Forrest Daniel's two children from a prior marriage, Flicka Daniel Graves and Charlotte Susan Daniel Thomas, who, in addition to Marjorie Daniel, are also appellees herein and plaintiffs below. The agreement further provides that if either of Forrest's two daughters die before becoming entitled to receive the entire principal of her share, then the share so designated is to be distributed, *per stirpes,* to the deceased child's decedents.

Forrest E. Daniel subsequently died in October, 1993. Pursuant to the terms of his will, a portion of his estate was devised to United as Trustee of the above described trusts.[3] However, Marjorie Daniel commenced an elective share proceeding in the County Commission of Raleigh County, under the authority of W.Va.Code § 42–3–1 (1993) (Cum.Supp.1993). The result of the elective share proceeding was an outright distribution of assets from Forrest Daniel's estate to Marjorie Daniel in the amount of $269,939.00. The remaining assets of Forrest Daniel's estate, which equaled $271,-859.00, were tendered to United as Trustee. United received the funds and allocated them to Trust A. Because the funds allocated to Trust A were less than the largest amount that could pass free of federal estate tax, Trust B remained unfunded.

Thereafter, by letter dated January 9, 1996, Marjorie Daniel, Flicka Daniel Graves and Charlotte Susan Daniel Thomas [hereinafter referred to as "the Daniels"], by counsel, demanded that United render a final accounting and divide and distribute the funds of Trust A as follows: $110,000 each to Flicka and Susan, and the remaining balance to Marjorie. The Daniels' proposed distribution of the trust funds was reduced to a written document, which they designated an "AGREEMENT TO TERMINATE TRUST." United refused to comply with the Daniels' demand for a final accounting and distribution. Consequently, the Daniels filed the instant law suit.

In their complaint, the Daniels alleged that, at the time of executing the trust agreement, Forrest Daniel could not have anticipated that, upon his death, Marjorie would exercise her right to take her statutory elective share rather than accept the distribution set forth in his will. Because of Marjorie's decision to take her elective share, the Daniels contended, the trust could no longer achieve its purpose of providing for Marjo-

---

**2.** The Trust Agreement expressly acknowledged that "[t]he Grantor recognizes that the balance of Trust B may be zero."

**3.** Certain personal effects and a residential condominium were not devised as part of the trust estate.

rie's care, maintenance and support. Consequently, the Daniels requested the circuit court to find that the trust had "failed by reason of the present impossibility of performance of the trust," and to order United to conduct a final accounting and distribute the property of the trust in accordance with their prior request.

The Daniels subsequently filed a motion for summary judgment. United responded with its own motion for summary judgment, and with motions to dismiss for failure to state a claim upon which relief can be granted and for failure to join indispensable parties. By order entered January 16, 1997, the Circuit Court of Raleigh County granted the Daniels' motion for summary judgment. The circuit court concluded that, contrary to the Daniels' argument, the performance of Trust A had not been rendered impossible by Marjorie Daniel's decision to take her statutory elective share of Forrest Daniel's estate. However, the court concluded that Marjorie had effectively disclaimed her interests under Trust A by virtue of the aforementioned letter dated January 9, 1996, which demanded a final accounting and distribution of Trust A. It is from this order that United now appeals.

## II.

### STANDARD OF REVIEW

Procedurally, this case is before us on appeal from an order granting summary judgment. The standard to be applied by a court determining whether to grant or deny summary judgment has long been well established. In this regard, we have frequently stated:

> " ' "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).' Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992)." Syllabus point 1,

*Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995).

Syl. pt 2, *Greenfield v. Schmidt Baking Co., Inc.*, 199 W.Va. 447, 485 S.E.2d 391 (1997). *See also* W. Va.R.Civ.P. Rule 56(c). Clarifying what is meant by a "genuine issue," we have also explained:

> Roughly stated, a "genuine issue" for purposes of West Virginia Rule of Civil Procedure 56(c) is simply one half of a trialworthy issue, and a genuine issue does not arise unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party. The opposing half of a trial worthy issue is present where the non-moving party can point to one or more disputed "material" facts. A material fact is one that has the capacity to sway the outcome of the litigation under the applicable law.

Syl. pt. 5, *Jividen v. Law*, 194 W.Va. 705, 461 S.E.2d 451 (1995).

In the present case, the parties do not dispute the relevant facts. Accordingly, we are not asked to determine whether the action was ripe for summary judgment. *Tolliver v. Kroger*, 201 W.Va. 509, 512, 498 S.E.2d 702, 706 (1997) (" 'Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate.' " (quoting *Payne v. Weston*, 195 W.Va. 502, 506, 466 S.E.2d 161, 165 (1995))). Rather, United essentially argues that the court misapplied the law and, therefore, erroneously granted summary judgment in favor of the Daniels when United was the proper party to obtain a favorable summary judgment ruling. Similarly, in their cross appeal, the Daniels do not argue that there is a question of fact that should have precluded the court from granting summary judgment. Instead, they take issue with a particular conclusion reached by the court.

We have previously set forth the standard to be applied by this Court in reviewing the propriety of a circuit court's ruling:

> "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clear-

ly erroneous standard; conclusions of law are reviewed *de novo.*" Syl. pt. 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996).

Syl. pt. 1, *State ex rel. Hechler v. Christian Action Network,* 201 W.Va. 71, 491 S.E.2d 618 (1997). *See also* Syl. pt. 2, *Walker v. West Virginia Ethics Comm'n,* 201 W.Va. 108, 492 S.E.2d 167 (1997) (same). As the circuit court appropriately made no findings of fact, we need not apply the standard for reviewing such findings. However, applying the remaining portions of the above quoted standard, we proceed to review the circuit court's final order under an abuse of discretion standard, and apply a *de novo* review to its legal conclusions.

## III.

## DISCUSSION

### A.

*Effective Disclaimer of Spend–Thrift Trust*

United first argues that the Circuit Court of Raleigh County erred in holding that Marjorie Daniels disclaimed Trust A pursuant to the Uniform Disclaimer of Property Interests Act [hereinafter "the Act"], W.Va.Code § 42–6–1 *et seq.* We agree.

The extent of a person's right under the Act to disclaim an interest in property is described in W.Va.Code § 42–6–2 (1982) (Repl.Vol.1997), and includes the right to disclaim a spendthrift trust:

A person ... to whom any property or interest therein devolves, by whatever means, may disclaim it in whole or in part by delivering a written disclaimer under this article. *The right to disclaim exists notwithstanding any limitation on the interest of the disclaimant in the nature of a spendthrift provision or similar restriction.*

(Emphasis added). Thus, the fact that Trust A contained spendthrift provisions did not preclude Marjorie from disclaiming the trust under the Act. However, we must determine whether Marjorie's purported disclaimer complied with the terms of the Act.

■ The circuit court concluded that Marjorie disclaimed Trust A by virtue of a letter dated January 9, 1996. That letter, which

was addressed to a United trust officer, stated:

As you know, we represent Flicka Daniel Graves, Charlotte Susan Daniel Thomas and Marjorie C. Daniel, the *cestuis que trustent* [sic] under the Amended and Restated Trust Agreement dated June 4, 1986, and executed on June 9, 1986, between Forrest E. Daniel as Settlor and Raleigh County National Bank as Trustee.

This letter is our formal, written demand that the Trustee provide the *cestuis que trustent* [sic] with a final accounting and divide and distribute the trust funds remaining in its hands among them as follows:

Flicka Daniel Graves to receive $110,-000.00,

Charlotte Susan Daniel Thomas also to receive $110,000.00, and then

Marjorie C. Daniel to receive the balance of the trust funds remaining in the hands of the trustee.

The letter was signed by attorney Robert B. Sayre on behalf of Marjorie, and by W.H. File, III, on behalf of Flicka and Susan.

We conclude that this letter fails to comply with the provisions of the Act as to the form of a disclaimer. The requirements for a proper disclaimer are found in W.Va.Code § 42–6–4 (1982) (Repl.Vol.1997), which provides: "The disclaimer *shall* (a) describe the property or interest disclaimed, (b) declare the disclaimer and extent thereof, (c) be signed by the disclaimant *and* (d) be acknowledged in such a manner as would authorize a deed to be admitted to record." (Emphasis added).

■ We have repeatedly held that

" '[t]he word "shall", in the absence of language in the statute showing a contrary intent on the part of the legislature, should be afforded a mandatory connotation.' Point 2 Syllabus, *Terry v. Sencindiver,* 153 W.Va. 651[, 171 S.E.2d 480 (1969) ]." Syl. pt. 3, *Bounds v. State Workmen's Compensation Comm'r,* 153 W.Va. 670, 172 S.E.2d 379 (1970).

Syl. pt. 9, *State ex rel. Goff v. Merrifield,* 191 W.Va. 473, 446 S.E.2d 695 (1994) (alteration

in original). *See also* Syl. pt. 5, *Rogers v. Hechler*, 176 W.Va. 713, 348 S.E.2d 299 (1986) (same); Syl. pt. 1, *Nelson v. West Virginia Pub. Employees Ins. Bd.*, 171 W.Va. 445, 300 S.E.2d 86 (1982) ("It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation."). The above quoted section of the West Virginia Code, § 42–6–4, utilizes the word "shall," thus signifying that its terms are mandatory.

Furthermore, we have observed that

"[a]nd" is a conjunction connecting words or phrases, expressing the idea that the latter is to be added to or taken along with the first; in its conjunctive sense the word "and" is used to conjoin words, clauses or sentences, expressing the relation of addition or connection, and signifying that something is to follow in addition to that which proceeds, and its use implies that the connected elements must be grammatically coordinate, as where the elements preceding and succeeding the word "and" refer to the same subject matter.

*Ooten v. Faerber*, 181 W.Va. 592, 597, 383 S.E.2d 774, 779 (1989) (citing *Black's Law Dictionary* 79 (5th ed. 1979), and concluding that "the use of 'and' ... clearly ma[de] *both* conditions necessary, not merely either of the two" (emphasis added)).[4]

The fact W.Va.Code § 42–6–4 is mandatory and utilizes the conjunctive term "and" leads us to the inevitable conclusion that in order to effectively disclaim an interest in property, the person seeking to disclaim must comply with all of the requirements as to form contained in § 42–6–4. A review of the letter of January 9, 1996, reveals that it does not conform with the requirements of W.Va.Code § 42–6–4 in that it clearly fails to "declare the disclaimer and extent thereof, ... be signed by the disclaimant and ... be acknowledged in such a manner as would authorize a deed to be admitted to record."[5] Having determined that the letter did not operate as Marjorie Daniel's disclaimer of Trust A, we conclude that the circuit court erred in finding the trust was disclaimed and granting summary judgment in favor of the Daniels. Because the disclaimer was ineffective, United is not required to distribute the funds to the remaindermen pursuant to W. Va.Code § 42–6–5 (1982) (Repl.Vol.1997), as a matter of law.[6] Consequently, as the parties have alleged no material question of fact making summary judgment improper, we conclude that United was the proper party to obtain summary judgment in this action.[7]

### B.

### *Spendthrift and Sprinkle Provisions*

United next argues that the circuit court erred in holding that a trust with spendthrift

---

4. We have also recognized that "[t]here may be those occasions when a court may substitute 'or' for 'and' in construing a statute when such conversion is necessary to give effect to clear legislative intent." *Cogan v. City of Wheeling*, 166 W.Va. 393, 396, 274 S.E.2d 516, 518–19 (1981) (citing Syl. pt. 20, *Carper v. Kanawha Banking & Trust Co.*, 157 W.Va. 477, 207 S.E.2d 897 (1974)). However, application of this rule is not necessary in this instance.

5. Under W.Va.Code § 39–1–2 (1933) (Repl.Vol. 1997):

The clerk of the county court [now county commission] of any county in which any deed, contract, power of attorney, or other writing is to be, or may be, recorded, shall admit the same to record in his office, as to any person whose name is signed thereto, when it shall have been acknowledged by him, or proved by two witnesses as to him, before such clerk of the county court [now county commission]. (Alteration in original).

6. We note that the court concluded that Marjorie disclaimed the trust under the Uniform Disclaimer of Property Interests Act, W.Va.Code § 42–6–1 *et seq.* However, W.Va.Code § 42–6–7 (1982) (Repl.Vol.1997) provides that "[t]his article does not abridge the right of [a] person to waive, release, disclaim or renounce property or an interest therein under any other statute." As the resolution of this case was limited to a determination of disclaimer under the Act, we do not consider whether some other statute may provide Marjorie with a right to disclaim the trust.

7. United also argues that the court erred in finding the disclaimer was timely delivered under W.Va.Code § 42–6–3(b) (1982) (Repl.Vol.1997). Because we have determined that Marjorie's attempted disclaimer was ineffective as it was not in the proper form, we decline to decide whether such disclaimer was timely. We note, however, that our review of the relevant statute suggests that Marjorie's time for disclaiming expired long ago.

and sprinkle provisions may be destroyed and terminated by agreement of the life beneficiary and some, but not all, of the contingent beneficiaries.

We find this assignment mischaracterizes the circuit court's decision. While the lower court's decision seemingly had the effect of allowing the Daniels to terminate the trust by agreement, the court did not explicitly reach that conclusion. Rather the court found that Marjorie disclaimed the trust under the Uniform Disclaimer of Property Interests Act, W.Va.Code § 42–6–1 *et seq.* Because we have found that Marjorie did not effectively disclaim the trust, we need not further address this issue.

### C.

#### *Impossible Performance of Trust*

The Daniels submit, as a cross-assignment of error, that the circuit court erred in failing to hold that Trust A was terminated because it was no longer possible to carry out Forrest Daniel's intent in establishing the trust. However, their brief, which is not a model of clarity or organization, sets forth no ascertainable argument supporting this contention or explaining why the circuit court's conclusions were in error. Consequently, we decline to address this issue finding it was inadequately briefed. *See Ohio Cellular RSA Ltd. Partnership v. Board of Pub. Works,* 198 W.Va. 416, 424 n. 11, 481 S.E.2d 722, 730 n. 11 (1996); *State v. Flint,* 171 W.Va. 676, 679 n. 1, 301 S.E.2d 765, 768 n. 1 (1983); *Addair v. Bryant,* 168 W.Va. 306, 320, 284 S.E.2d 374, 385 (1981) ("Assignments of error that are not argued in briefs on appeal may be deemed by this Court to be waived." (citations omitted)).

### IV.

#### CONCLUSION

For the foregoing reasons, we find that the circuit court erred in granting summary judgment in favor of Marjorie Daniel and her two stepdaughters. Consequently, because the parties have not established the existence of any genuine issue of material fact left to be tried, we reverse the January 16, 1997, order of the Circuit Court of Raleigh County

and remand this case with directions to enter an order granting summary judgment in favor of United National Bank.

Reversed and Remanded with Directions.