S. MULLENS *et al., Partners, etc., v.* THE CITY OF HUNT-
INGTON, *A Municipal Corporation et al.*

Submitted September 15, 1936. Decided September 22, 1936.

(Written opinion filed October 6, 1936)

*Russell W. Morris,* for plaintiffs.
*J. Frank Eaton* and *E. L. Hogsett,* for defendants.

WOODS, JUDGE:

S. Mullens, H. U. Mullens, and L. J. Mullens, partners,
etc., engaged in the selling of merchandise at retail in the
city of Huntington, seek to enjoin the collection of a cer-
tain tax under section 2 (c) of a municipal ordinance
enacted September 16, 1935, providing for the imposition
of "business, privilege and occupational taxes upon the
exercising of certain privileges" in said municipality.
The circuit court having sustained a demurrer to the bill
of complaint and denied the relief sought, application
was made to this Court, which, on September 20, 1936,
likewise denied the injunction.

By section 2 (c), aforesaid, there is levied upon

every person engaging or continuing within the municipality in the business of selling at retail (horticulture, etc., excepted), any tangible property whatsoever, real or personal, a tax equivalent to one-fourth of one per cent of the gross income of the business (less certain deductions, section 3); which tax, according to section 10, is in addition to all other licenses and taxes levied as a condition precedent to engaging in said business. And, according to the last-mentioned section, a person exercising such privilege "may exercise the same for the current tax year upon condition that he shall pay the tax accruing under" said ordinance.

The validity of so much of the ordinance as affects the plaintiffs is challenged on the following grounds, to-wit: (1) that the charter does not expressly, or by necessary implication, authorize the levy of such a tax as therein provided; and (2) that the legislature is prohibited, by section 9, Article X, Constitution of West Virginia, from delegating authority to enact such an ordinance to a municipality. It is argued, however, on behalf of the city that the ordinance, as well as the statute (Chapter 33, Acts First Extraordinary 1933 Session) of which it is a copy, places the charge or tax upon the privilege of engaging in the business of selling, etc., and therefore within the definition of a license tax, thus bringing the same within the powers conferred upon the city council by section 6 of its charter (Chapter 161, Acts Second Extraordinary 1933 Session).

That the charge or tax sought to be exacted under both the statute and the ordinance is in the nature of a license is apparent. It is imposed on the privilege of selling, whether at retail or wholesale, and is predicated upon the condition that the individual, corporation or partnership desiring to exercise said privilege "shall pay the tax accruing" thereunder. In other words, in entering into a business covered thereby, a person virtually agrees, as a condition precedent, to pay such charge as may be exacted as a result of said business during the fiscal year.

Section 6 of the charter (Chapter 161, Acts, Second Extraordinary 1933 Session) provides:

> "Said city shall have, and is hereby granted, *power to* * * * *license, tax,* regulate or prohibit theatres * * * for which paid admissions are required * * *; and other things or *business on which the state does or may exact a license tax;* * * * to levy taxes on persons, property and licenses; * * *."

In view of the fact that the legislature, through the gross sales tax, has, in effect, created a license tax, on the business in which the plaintiffs are engaged, we are of opinion that the city, by the foregoing charter provision, is authorized to exact a similar charge against said business.

The remaining question has to do with the applicability of section 9, Article X, Constitution of West Virginia, which, in addition to granting legislature the right to authorize municipalities to assess and collect taxes for corporate purposes, provides, "but such taxes shall be uniform, with respect to persons and property within the jurisdiction of the authority imposing the same." The limitation does not purport to cover license and privilege taxes, which are in the nature of excises, but only applies to taxes on persons and property. 26 R. C. L. 255; 61 C. J. 107.

For the foregoing reasons, the injunction was denied on September 20, 1936.

*Injunction denied.*