CITY OF MOUNDSVILLE, A MUNICIPAL BODY, etc.

*v.*

CARR STEELE

(No. 12734)

Submitted September 10, 1968. Decided November 26, 1968.

466

*Gall & Madden, John T. Madden, G. Charles Hughes,* for appellant.

*Goodwin, Mead & Goodwin, Charles P. Mead,* for appellee.

BERRY, PRESIDENT:

This is an appeal by the City of Moundsville from a final judgment of the Circuit Court of Marshall County dated January 18, 1968, affirming a judgment of the Common Pleas Court of Marshall County in favor of the defendant dated July 10, 1967 which held that an ordinance of the City of Moundsville setting up fees and charges to provide additional revenue for continuous maintenance and improvements of street service within said City was unconstitutional. The case was submitted for decision of this Court upon arguments and briefs at the September Regular Term, 1968.

There is no dispute with regard to the facts involved in this case. A stipulation was entered into by the parties and submitted to the Court on the following facts:

"1. The City of Moundsville is a municipal corporation chartered under the provisions of Chapter Fifty-six (56) Acts of the Legislature 1937 commonly known as and referred to as 'Municipal Home Rule Law.'

"2. On October 18, 1959, and annually thereafter, the City of Moundsville has enacted an ordinance, commonly referred to as 'Front Foot Tax,'

providing for collection of a fee for continuance, maintenance and improvement of the essential service of street maintenance and services within the City of Moundsville, levied against the users of said services, defined in said ordinance to be the occupiers of improved property abutting the streets and avenues within said city. The defendant, Carr Steele, has occupied since the 1st day of July, 1959, improved property abutting 61 feet on Tomlinson Avenue in Moundsville, more commonly known as 204-Tomlinson Avenue. Said ordinance and reenactments provide for assessment of 25 cents per front foot for each fiscal year.

"3. The parties agree that the original enactment of the ordinance and subsequent re-enactments were in accordance with the Charter of the city of Moundsville and the laws of the State of West Virginia as set forth in Chapter 8A of the Official Code, State of West Virginia and further stipulate that the copies of the ordinances as reflected in the attached certificates of publication labeled Exhibits A, B, C, D and E are exact copies of the ordinances adopted by the Council of the City of Moundsville as aforesaid.

"4. The parties further stipulate that the City of Moundsville, a municipal corporation in its enforcement of the Front Foot Tax Ordinance, identified in paragraph 2 of this Stipulation, assessed an assessment of 25c per front foot against the occupiers of improved property abutting on the streets and avenues of the City and that it made no front foot assessment under the provisions of said Ordinance against the owner of unimproved property abutting on the streets and avenues of the City."

The pertinent parts of the Ordinance in question are as follows:

"* * * Be it ordained by the Council of the City of Moundsville, West Virginia:

"Section 1. That in the judgment of the Council of the City of Moundsville, the public health, safety, welfare and well-being of the citizens thereof demands the continuance, maintenance, and improvement of the essential service of street maintenance and services within the City of Moundsville, and the public revenue of the City of Moundsville is not sufficient, having regard to other necessary costs and expenses, for the purpose

of providing street maintenance and services within the said city; and therefore it appears under the provisions of Chapter 8A, Article 5, Section 8, of Michie's West Virginia Code of 1955 (Chapter 56, Acts of Legislature of 1937) that in order to provide additional revenues for the continuance, maintenance and improvement of the street maintenance and services within the City of Moundsville it is necessary that there be imposed upon the users of such services such rates, fees and rentals as are required to pay a part of the cost of the special service of street maintenance and services. The proceeds and revenue from such rates, fees and rentals from the users of such special service shall be used and expended in the continuance, maintenance and improvement of the special service of street maintenance and service and the facilities required therefore within the City of Moundsville and for no other purpose or purposes.

"Section 2. The special service of street maintenance and services shall be rendered on all public street and avenues of the City of Moundsville.

"Section 3. The users of said special services are declared to be the occupiers of the premises abutting the streets and avenues, of the City of Moundsville, whether as proprietors or tenants.

"Section 4. There shall be, and is hereby imposed, levied and assessed for the fiscal year July 1, 1959 to June 30, 1960, upon each user of said special service as defined in Section 3, Twenty-Five, (25) Cents, per front foot of improved property abutting on the street and avenues of the City of Moundsville.

"Section 5. The collector and treasurer of said City, hereinafter sometimes called 'Collector' shall forthwith ascertain said users and their respective number of feet of improved premises abutting said streets, and their respective assessments at the rate mentioned in Section 4; provided that in cases of improvements occupied by more than one tenant, or by the proprietor and one or more tenants, the assessment attributable to the premises shall be apportioned among the occupiers according to the rental value of the portion occupied by each. * * *".

The sole issue involved in this case is whether the Ordinance in question which excluded unimproved property

from the imposition of the charge or fee was legal and constitutional. The parties agreed that the Ordinance was in accordance with the Charter of the City of Moundsville, and that the City had the authority to charge such fee for services as defined in the Ordinance. The question is over the classifications to which the fee is applied.

The authority for such Ordinance is found in the Municipal Home Rule Law in West Virginia Code 8A-5-8, as amended, in the following language:

"A city shall have power to charge and collect reasonable rates, fees and charges for municipal services other than those rendered as fire and police protection, subject to the provisions of chapter twenty-four [§ 24-1-1 et seq.] of the official Code of West Virginia, as amended. In the case of police power services, which may be mandatory upon those served, the charge shall be based upon and shall not substantially exceed the cost of rendering the same."

There is also a similar statute, in more detail, found in West Virginia Code 8-4-20, as amended, which has been held to apply to Home Rule Cities. *State ex rel. Plymale* v. *City of Huntington,* 147 W. Va. 728, 131 S. E. 2d 160. The pertinent part of this Code section reads as follows:

"The governing authority of every municipal corporation that furnishes any essential or special municipal service, including police and fire protection, parking facilities on the streets or otherwise, recreational facilities, street cleaning, street lighting, sewerage and sewage disposal, and the collection and disposal of garbage, ashes or other waste materials, may by ordinance provide for the continuance, maintenance, installation or improvement of such service, may make reasonable regulations with respect thereto, may impose upon the users of such service reasonable rates, fees and charges to be collected in the same manner as municipal taxes are collected or in some other manner specified in the ordinance, and may provide penalties for any violation of such ordinance. * * *".

It should be noted that the Ordinance specifically refers to the charges for such services provided as "rates, fees and rentals" and does not designate them as taxes, which com-

plies with the provisions of the statutes authorizing such "charges" for services. Code 8A-5-8, as amended, and Code 8-4-20, as amended.

At the trial of this case before the Common Pleas Court of Marshall County motions were made for summary judgment by both parties. The trial court sustained the defendant's motion for a summary judgment relieving him from paying such charges or fees on the grounds that the classification of users in the Ordinance was not a fair classification and that such classification was so arbitrary it violated Article X, Section 9 of the Constitution of West Virginia relating to uniformity and was therefore void. These reasons were adopted by the Circuit Court in affirming the judgment of the trial court.

Article X, Section 9 of the Constitution of West Virginia applies only to taxes on persons and property and inasmuch as the Ordinance imposes only a charge or fee for street maintenance and services it is not applicable in this instance. *Mullens* v. *Huntington,* 117 W. Va. 740, 188 S. E. 120; *C. & P. Telephone Co.* v. *City of Morgantown,* 143 W. Va. 800, 105 S. E. 2d 260. The only requirement in a case of this kind is that the charges or fees be reasonable in accordance with the specific provisions of the statute authorizing the enactment of an ordinance for such charges for services. Code 8A-5-8, as amended. This principle is clearly enunciated in the case of *McCoy* v. *Sistersville,* 120 W. Va. 471, 476, 199 S. E. 260, which involved the comparable statute, Code 8-4-20, as amended, wherein this Court stated:

> "In this connection, it may not be amiss to refer to the constitutional principle that municipal taxation shall be uniform. Constitution, Article X, Section 9. We are, of course, familiar with the holdings of this and other courts that such a provision applies to general taxation, and it may be that in a matter of assessments, equality and uniformity cannot be reached, and that a fair and reasonable administration of a law authorizing assessments is all that can be reasonably required. * * *".

In the *McCoy* case the Ordinance attempted to make the property owners in the City of Sistersville liable for the

charges and fees for certain services. The Court held that such charges should be made upon all users and that the property owners were only a limited classification thereof. However, the Ordinance was upheld as to fire protection service for the owners of the buildings because they would be the users thereof, but it was invalid as to services such as street lighting, sewerage service, garbage collection and street cleaning because the users of such services if not property owners escaped any direct burden.

In the instant case the Ordinance classifies the users of such services as being occupiers of the premises abutting the streets of the City of Moundsville, whether as proprietors or tenants. It is true that under the Ordinance in question an unimproved vacant lot or any property that is not occupied would not be subject to the fees and charges provided for in said Ordinance. However, all of the citizens of the City of Moundsville, whether they owned property or rented it and lived on one of the streets or avenues in the City of Moundsville which was serviced under the provisions of the Ordinance would be subject to the fees and charges for such services as users because the services furnished would be adjacent to the property, whether owned or rented by such occupiers. The charge of twenty-five cents a front foot of improved property abutting on the streets or avenues in the City of Moundsville is a reasonable charge for the services rendered for improved occupied property regardless of whether one or more persons paid the charges of twenty-five cents per front foot. The mere fact that drivers of motor vehicles were users of the streets and not taxed thereunder would not render the charges unreasonable, since such drivers of motor vehicles who occupied improved property within the City of Moundsville would be subject to such charge or fee for the services rendered. The front-foot rule as a method of charging for assessments for services has been approved in this State. *Huntington Engineering Co. v. Gallaher*, 101 W. Va. 110, 132 S. E. 866. It would appear to be entirely proper to omit property that is not benefited by any services performed by the City for which fees and charges are made. 14 Mc-

Quillin, Municipal Corporations, 3rd Edition, Section 38.132; *Bailey* v. *Hermosa Beach,* 183 Cal. 757, 192 P. 712.

In the assessment of charges and fees for services by users exact equality can not be achieved, as is stated in the case of *McCoy* v. *Sistersville, supra,* which pointed out: "* * * that a fair and reasonable administration of a law authorizing assessments is all that can be reasonably required."

The provisions of Article X, Section 9 of the Constitution of West Virginia relating to uniformity quoted and referred to in the disposition of the case in the courts below apply only to general taxes and not to special assessments or charges for improvements or services. 14 McQuillin, Municipal Corporations, 3rd Ed., Section 38.01; *Mullens* v. *Huntington, Supra; C. & P. Telephone Co.* v. *City of Morgantown, supra.* Under the facts and circumstances involved here we are of the opinion that the provisions of the statute, Code 8A-5-8, as amended, contained in the City's Charter authorizing the enactment of the Ordinance in question to charge and collect reasonable rates and fees for municipal services, has been complied with in a consistent manner with the situation involved herein.

We therefore hold that the classification of occupiers of improved property as users of such services is valid and that charging them therefor is reasonable, the only requirement necessary in such cases.

For the reasons stated herein, the judgment of the Circuit Court of Marshall County and the judgment of the Common Pleas Court of Marshall County are reversed and the case is remanded for a new trial.

*Reversed and remanded.*